**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

    Defendant.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

---

## I.  INTRODUCTION

  Plaintiff Tech Instrumentation, Inc. ("Tech Instrumentation" or "Plaintiff") brings this Class Action Complaint against Defendant Eurton Electric Company, Inc. ("Eurton Electric" or "Defendant") to stop Defendant's practice of sending unsolicited fax advertisements and to obtain redress for all persons who have suffered legal injury as a result of its conduct. Plaintiff Tech Instrumentation, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## II.  PARTIES

  1.  Plaintiff Tech Instrumentation is a corporation incorporated and existing under the laws of the State of Colorado. Tech Instrumentation's principal place of business is in Elizabeth,

Colorado.

2.      Defendant Eurton Electric is a corporation incorporated and existing under the laws of the State of California. Its principal office address is 9920 Painter Avenue, Whittier, California 90605. Eurton Electric does business throughout the United States, including in the State of Colorado and in this District.

### III.      JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"),  a federal statute.

4.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. The unlawful faxes at the heart of this Complaint were directed, in part, to this District. Venue is additionally proper because Plaintiff resides in this District.

### IV.      COMMON ALLEGATIONS OF FACT

6.      This case challenges Defendant's practice of sending unsolicited fax advertisements.

7.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227, *et seq.* ("JFPA" or the "Act"), and the regulations

promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA in June 2016. (*See* "Eurton Electric Faxes," a true and correct copy of which is attached hereto as Exhibit A.) The Eurton Electric Faxes promote the services and goods of Defendant, namely electric motor repair parts and replacement power cords. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

8.      Unsolicited faxes cause damage to their recipients, who suffer concrete harm. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

9.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

10.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is

based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

### V.      FACTS SPECIFIC TO PLAINTIFF TECH INSTRUMENTATION

11.     During June 2016, Defendant transmitted by telephone facsimile machine two unsolicited faxes to Plaintiff. A copy of the facsimiles is attached hereto as Exhibit A.

12.     On June 6, 2016 at 10:01 AM, Plaintiff received an unsolicited two page fax from Defendant from fax number 720-696-8520.

13.     On June 16, 2016 at 12:22 PM, Plaintiff received another unsolicited fax from Defendant. This time, the fax was one-page and was sent by 720-728-0093.

14.     Eurton Electric profited by and received the benefits of marketing of its products and is a responsible party under the JFPA.

15.     Defendant created or made Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products (namely, electric motor repair parts and replacement power cords) that Defendant intended to and did in fact distribute to Plaintiff and the other members of the Class.

16.     Exhibit A is part of Defendant's work or operations to market Defendant's goods or services which are performed by Defendant and/or on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

17.     Plaintiff had not expressly invited or given permission to Defendant to send the Faxes and had no prior relationship with Defendant.

18.     On information and belief, Defendant faxed the same unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

19.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

20.     Defendant's facsimile did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because it did not apprise recipients, inter alia, of the fact that a failure to process and opt out request within 30 days is unlawful.

## V.      CLASS ACTION ALLEGATIONS

21.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf a telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send the faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

22.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate class discovery.

23.     Class Size (F. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

24.     Commonality (F. R. Civ. P. 23 (a) (2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a.      Whether the Defendant sent an unsolicited fax advertisement;

b.      Whether the Defendant's fax advertised the commercial availability of property, goods, or services;

c.      Whether the manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements procured prior express consent from the recipients to send the faxes;

d.      Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

e.      Whether the Defendant sent the faxed advertisements knowingly or willfully so as to warrant treble damages;

6

f.      Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the

regulations promulgated thereunder;

g.      Whether the Faxes contained an appropriate "opt-out notice" that complies

with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations

promulgated thereunder, and the effect of the failure to comply with such

requirements;

h.      Whether the Defendant should be enjoined from faxing advertisements in

the future; and

i.      Whether the Plaintiff and the other members of the Class are entitled to

statutory damages.

25.     <u>Typicality (F. R. Civ. P. 23 (a) (3))</u>: The Plaintiff's claims are typical of the

claims of all class members. The Plaintiff received the Faxes sent by or on behalf of the

Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff

is making the same claims and seeking the same relief for itself and all class members based

upon the same federal statute. The Defendant has acted the same or in a similar manner with

respect to the Plaintiff and all the class members.

26.     <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4))</u>: The Plaintiff will

fairly and adequately represent and protect the interests of the Class. It is interested in this

matter, has no conflicts, and has retained experienced class counsel to represent the Class.

27.     <u>Common Conduct (F. R. Civ. P. 23 (b) (2))</u>: Class certification is appropriate

because the Defendant has acted and refused to act in the same or similar manner with respect to

all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff

demands such relief as authorized by 47 U.S.C. §227.

28.  <u>Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.  Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

b.  Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c.  The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.  The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e.  This case is manageable as a class action in that:

i. The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

ii.Liability and damages can be established for the Plaintiff and the Class
with the same common proofs;

iii.Statutory damages are provided for in the statute and are the same for all
class members and can be calculated in the same or a similar manner;

iv.A class action will result in an orderly and expeditious administration of
claims and it will foster economics of time, effort and expense;

v.A class action will contribute to uniformity of decisions concerning the
Defendant's practices; and

vi.As a practical matter, the claims of the Class are likely to go
unaddressed absent class certification.

## VI.     FIRST CAUSE OF ACTION
### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq*
### (On Behalf of Plaintiff and the Class)

29.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth
herein.

30.     The JFPA makes unlawful for any person to "use any telephone facsimile
machine, computer or other device to send, to a telephone facsimile machine, an unsolicited
advertisement …" 47 U.S.C. § 227(b)(1)(C).

31.     The JFPA defines "unsolicited advertisement" as "any material advertising the
commercial availability or quality of any property, goods, or services which is transmitted to any
person without that person's prior express invitation or permission, in writing or otherwise." 47
U.S.C. § 227 (a) (5).

32.     The faxes sent by Defendant advertised Defendant's electric motor repair parts

and replacement power cords, were commercial in nature, and are advertisements under the TCPA.

33.     Plaintiff and the other class members never gave prior express consent to receive the faxes.

34.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements").

1.     a statement that the recipient is entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2.     a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.     a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxes advertisement gave "prior express permission or invitation" to receive the Faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

35.     **The Faxes.** Defendant sent the June 2016 faxes via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The Eurton Electric Faxes constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the Eurton Electric Faxes because the Faxes do not advise that Eurton Electric must honor any opt-out request within 30 days. The Eurton Electric Faxes was transmitted to persons or entities without their prior express permission or invitation and/or Defendant is

precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

36.     **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

37.     Neither Plaintiff nor the other class members has any established business relationship with Defendant and have never engaged in any sales or transactions with Defendant.

38.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is

appropriate. *Id.*

39.     The JFPA is a strict liability statute. The Defendant is liable to the Plaintiff and the other class members even if its actions were only negligent.

40.     The Defendant knew that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the faxes constituted advertisements; and that (c) the Faxes did not apprise recipients of the fact that their opt out requests must be honored within thirty (30) days.

41.     The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tech Instrumentation, Inc., on behalf of itself and the Class, prays for the following relief:

1.      An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Tech Instrumentation as the representative of the Class and appointing its attorneys' as Class Counsel;

2.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be trebled where the faxes were knowingly or willfully sent, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.      An order declaring that Defendant's faxes constitute unsolicited advertisements, that they lack the required opt out language, and that Defendant sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Defendant from sending further faxes to Plaintiff and the Class without first obtaining prior express invitation or permission or that fail to contain appropriate opt out language, and otherwise protecting the interests of the Class;

4.      An award of pre-judgment interest;

5.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

6.      A payment to a suitable cy pres designee of all monies not claimed, and

7.      Such further and other relief the Court deems reasonable and just.

## VIII.   JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

14

Dated: December 6, 2016

TECH INSTRUMENTATION, INC.,
individually, and on behalf of all others
similarly situated,


By:   /s/ Steven L. Woodrow

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
Law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Counsel for Plaintiff and the Putative Class*