**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02981

TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

        Defendant.

**PLAINTIFF'S PLACEHOLDER MOTION FOR AND MEMORANDUM
IN SUPPORT OF CLASS CERTIFICATION**

Plaintiff Tech Instrumentation, Inc. ("Tech Instrumentation" or "Plaintiff") by and through undersigned counsel, respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23 but asks the Court to enter and continue the motion until after the completion of discovery on class-wide issues, at which time Plaintiff will submit a more detailed memorandum of points and authorities in support of class certification.[1]

---

[1] Plaintiff files this motion at the outset of litigation to prevent Defendant from attempting a so-called "buy off" to moot its representative claims (*i.e.*, tendering to it the full amount of its individual damages alleged in its Class Action Complaint and Demand for Jury Trial, Dkt. 1 ["Compl."]). *See also Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional

1

## I. INTRODUCTION

This matter readily satisfies the prerequisites to class certification. Through a common course of conduct, Defendant Eurton Electric Company, Inc. ("Eurton Electric" or "Defendant") obtained the telephone numbers of thousands of consumers nationwide—including Plaintiff and a proposed class of consumers (defined below)—and sent unsolicited faxes to those consumers to market its services. Through that conduct, Defendant not only invaded their personal privacy, it repeatedly violated the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA"), a federal statute enacted specifically to protect consumers from unsolicited fax advertisements like those alleged in this case.

For these reasons and as discussed further herein, the proposed Class readily satisfies the prerequisites to certification under Federal Rule of Civil Procedure 23, and certification should be granted. Plaintiff respectfully requests, however, that the Court: (1) enter and reserve

---

discovery or investigation."), *overruled by Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). The Second Circuit has recently clarified that an unaccepted Rule 68 offer does not moot the individual claims of a named plaintiff. *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200-01 (2d Cir. 2015). Earlier this year, the Supreme Court clarified whether offers of judgment under Rule 68 would entirely moot a class action holding that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). Left unsettled after *Campbell-Ewald* is whether a Defendant can instead utilize Rule 67 to tender a full offer of judgment to the Court and thus moot the Plaintiff's claims and remove standing. As noted recently by Judge Chang in the Northern District of Illinois in allowing a defendant in a TCPA case to pick off a named plaintiff by depositing funds with the Court under Rule 67, there is "wide disagreement on the applicability of Rule 67 to proposed class actions like this one." *See Fulton Dental v Bisco*, No. 1:15-cv-11038 (N.D. Ill.) September 2, 2016, ECF Dkt 36 at 16. In *Fulton Dental,* Judge Chang explained the plaintiff "could have thwarted Bisco's gambit by filing an early motion for class certification." *Id*. at 1. As such, Plaintiff files this placeholder motion out of an abundance of caution and respectfully asks the Court to continue consideration of its merits until it has had an opportunity to conduct discovery on class issues.

ruling on Plaintiff's motion for class certification; (2) allow for and schedule discovery to take place on class-wide issues; (3) grant Plaintiff leave to file a supplemental memorandum in support of class certification upon the conclusion of class-wide discovery; (4) grant Plaintiff's motion for class certification after full briefing of the issues; and (5) provide all other and further relief that the Court deems reasonable and just.

## II.     FACTUAL BACKGROUND

### A.     Facts Applicable to Plaintiff Tech Instrumentation and All Members of the Proposed Class.

Plaintiff Tech Instrumentation is incorporated under Colorado law (Compl. ¶ 1). Plaintiff must leave its fax machine on and ready to receive the urgent communications Plaintiff desires to receive; Plaintiff has no reasonable means to avoid receiving unsolicited faxes (Compl. ¶ 19).

Defendant Eurton Electric is incorporated under California law (Compl. ¶ 2). This lawsuit challenges Defendant's practice of sending unsolicited fax advertisements (Compl. ¶ 6). During June 2016, Defendant transmitted by telephone facsimile machine two unsolicited faxes to Plaintiff (Compl. ¶ 11). The first fax was received on June 6 from fax number 720-696-8250; the second was received on June 16 from fax number 720-728-0093 (Compl. ¶¶ 11-12). Defendant created or made the unsolicited fax, which Defendant knew or should have known advertises Defendant's goods or products (namely, electric motor repair parts and replacement power cords) that Defendant intended to and did in fact distribute to Plaintiff and the other members of the Class (Compl. ¶¶ 15-16). But Plaintiff had no prior relationship with Defendant and had not expressly invited or permitted Defendant to send the faxes (Compl. ¶ 17). Defendant is believed to have sent the same unsolicitied fax to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or

invitation (Compl. ¶ 18). Defendant's unsolicited fax did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because it did not apprise recipients of (among other things) the fact that a failure to process an opt out request within 30 days is unlawful (Compl. ¶ 20).

Unsolicited faxes cause damage to their recipients (Compl. ¶ 8). For this reason, the JFPA provides a right of action to recipients of unsolicited fax advertisements (Compl. ¶ 7). Plaintiff is informed and believes that Defendant's facsimile transmissions were done in the same or similar manner to at least forty, and possibly thousands, of other consumers (Compl. ¶ 10). For this reason Plaintiff brings this action against Defendant under the JFPA (Compl. ¶ 9).

### B. The Proposed Class.

As a result of Defendant's conduct described above, Plaintiff brought this lawsuit and now seeks certification of a Class[2] of similarly situated individuals, defined as follows:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf a telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send the faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

(Compl. ¶ 21.) As demonstrated below, the proposed Class meets each of the prerequisites for certification under Rule 23 and therefore, the Plaintiff's motion should be granted in its entirety.

### III. THE PROPOSED CLASS SATISFIES EACH OF THE PREREQUISITES FOR CERTIFICATION.

---

[2] Excluded from the Class are (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released (Compl. ¶ 22).

4

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections of Rule 23(b) have been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification of the proposed Class under both Rule 23(b)(2) and 23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). Similarly, to certify a class under Rule 23(b)(3) there must be questions of law or fact common to the proposed class members, which predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a proposed class, a court generally does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). For purposes of considering a motion for class certification, the court must accept as true the substantive allegations of the complaint. *DG ex rel Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

As explained further below, the proposed Class in this case meets all of the prerequisites

of Rules 23(a), (b)(2), and (b)(3), and therefore can be properly certified.

      **A.**      **The Proposed Class Is Ascertainable.**

A class definition is sufficient if class membership is defined by "objective criteria." *Rhodes v. Olson Associates, P.C.*, 83 F. Supp. 3d 1096, 1111-12 (D. Colo. 2015). Objective criteria may include a defendant's business records. *Id.*

This Court should find that membership in the Class is ascertainable because each requirement for class membership is entirely objective. Indeed, there is nothing subjective about whether Defendant or its agent sent a fax substantially similar to Exhibit A to the Complaint to a person within four years before this action was filed, and whether consent was obtained in the same way Defendant asserts it obtained consent to call Plaintiff.

The implicit requirement of ascertainability is met here.

      **B.**      **The Proposed Class Is Numerous.**

Rule 23(a)'s first prerequisite—numerosity—is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no specific number required to satisfy numerosity, nor are plaintiffs required to state the exact number of potential class members; courts may make "common sense assumptions" to find that joinder is impracticable. *Neiberger v. Hawkins*, 208 F.R.D. 301, 313 (D. Colo. 2002). Because numerosity "is such a fact-specific inquiry," the Tenth Circuit has never adopted a "set formula" presuming that a class is sufficiently numerous and "grant[s] wide latitude to the district court" to make that determination. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006).

Rule 23(a)(1) does not require a that joinder is "impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required." *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 382 (D. Colo. 1993); *Pliego v. Los Arcos Mexican Restaurants,*

6

*Inc.*, 313 F.R.D. 117, 125-26 (D. Colo. 2016).  Such is the case here.  Here, Plaintiff alleges—and discovery will show—that Defendant caused faxes to be sent *en masse* to at least forty other consumers, and perhaps as many as thousands. (Compl. ¶¶ 18, 23).  These consumers can be identified from Defendant's records, and Plaintiff would suffer a strong litigational hardship or inconvenience to identify and join them all without the benefit of class discovery.  The proposed Class satisfies the numerosity requirement.[3]

### C. The Commonality Prerequisite is Satisfied.

Next, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet this commonality requirement, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "A finding of commonality requires only a single question of law or fact common to the entire class." *DG ex rel. Stricklin*, 594 F.3d at 1195.

In this case, Plaintiff's and the Class members' claims are based upon the same common contention: that Defendant violated the JFPA by repeatedly sending—or having sent on its behalf—unsolicited fax advertisements (Compl. ¶ 24). Defendant sent the faxes systematically and its conduct affected Plaintiff and the members of the Class in a virtually

---

[3] To the extent the Court requires additional details regarding the number of members in the Class, such information may be readily obtained through discovery and Defendant's records.

7

identical manner (i.e., subjecting them to the aggravation and costs associated with the receipt of such calls). *Id*. Moreover, Defendant's unlawful conduct will be proven through the use of common and generalized evidence applicable to the Class as a whole.

Defendant's conduct gives rise to several common questions of both law and fact. The common questions include: (a) whether the Defendant sent an unsolicited fax advertisement; (b) whether the Defendant's fax advertised the commercial availability of property, goods, or services; (c) whether the manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements procured prior express consent from the recipients to send the faxes; (d) whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation; (e) whether the Defendant sent the faxed advertisements knowingly or willfully so as to warrant treble damages; (f) whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder; (g) whether the Faxes contained an appropriate "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements; (h) whether the Defendant should be enjoined from faxing advertisements in the future; and (i) whether the Plaintiff and the other members of the Class are entitled to statutory damages.

Where a common faulty method of consent is advanced, Rule 23(a)(2) commonality is satisfied. *See Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 503 (S.D.N.Y. 2014); *see also Wolfkiel v. Intersections Ins. Servs. Inc*., 303 F.R.D. 287, 294 (N.D. Ill. 2014) ("Courts have held, for example, that the issue of individual consent could be addressed on a class-wide basis where the source of the contact information for all of the recipients of unwanted faxes was a single 'leads' list compiled by a third party"); *see also Hinman v. M&M Rental Ctr*., 545

8

F.Supp.2d 802, 806–07 (N.D. Ill. 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 250 (N.D. Ill. 2014) ("Again, the key question here is whether 'the same evidence will suffice for each member to make a prima facie showing' as to consent."); *Vigus v. S. Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 234-35 (S.D. Ill. 2011) ("This is not a case where the defendant purchased a list of residential telephone numbers from a vendor and proceeded to 'cold call' each number, including Vigus', to deliver prerecorded messages. In such a case, there is a likelihood that a great majority of the telephone call recipients would, like Vigus, have causes of action under the TCPA because there would be little basis to believe they had given their express consent to be called on their residential telephone lines.").

Accordingly, the commonality requirement is met.

### D. Plaintiff's Claims Are Typical of the Classes' Claims.

Typicality, the next prerequisite under Rule 23, requires that Plaintiff's claims be typical of those of the other members of the Classes. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if a plaintiff's claims arise from the same practice and are based on the same legal theory. *DG ex rel. Stricklin*, 594 F.3d at 1198-99. Even the existence of factual differences will not preclude a finding of typicality. *Id.* at 1199.

In this case, Plaintiff and the proposed members of the Class were each subjected to Defendant's common course of conduct. (*See* Compl. ¶ 25). Put simply, if Defendant violated the JFPA to fax Plaintiff, then it violated the JFPA to text everyone else. As a result of Defendant's conduct, Plaintiff and the other members of the Class suffered the same injuries (in the form of the violation of their statutory rights under the JFPA) and are entitled to an identical calculation of statutory damages per text. Rule 23(a)(3)'s typicality prerequisite is

easily satisfied.

### E. The Adequacy of Representation Requirement is Also Satisfied.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires that both a proposed class representative and class counsel have the ability to zealously represent and advocate on behalf of the class as a whole. *Maez v. Springs Automotive Group, LLC*, 268 F.R.D. 391, 397-98 (D. Colo. 2010). The proposed class representative must not have interests that conflict with other members of the class, and must have a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Pliego*, 313 F.R.D. at 126. Additionally, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims. *Maez*, 268 F.R.D. 15 398.

In this case, Plaintiff has the same interests as the members of the proposed Class. They each received unsolicited faxes from Defendant or its agents as a result of Defendant's uniform course of conduct (Compl. ¶¶ 26-27). Thus, Plaintiff suffered the same injury, has the same claims available, and has no interests antagonistic to those of the Class. *Id*. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff's pursuit of this action demonstrates as much. *Id*.

Similarly, proposed class counsel are well-respected members of the legal community who have extensive experience in class actions of similar size, scope, and complexity to the instant action. (*See* Firm Resumes of Woodrow & Peluso, LLC, and Law Offices of Stefan Coleman, P.A. attached as Group Exhibit 1). Counsel are deeply familiar with the JFPA and have regularly engaged in major complex litigation involving the JFPA and consumer

technology issues. Counsel also have the resources necessary to conduct litigation of this nature (Compl. ¶ 52). Plaintiff and his counsel have represented and will continue to adequately represent the Classes; Rule 23's adequacy prerequisite is met as well.

### F. The Proposed Class Satisfies Rule 23(b)(2).

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Class under Rules 23(b)(2) and (b)(3).

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "making final injunctive relief or corresponding declaratory relief appropriate." *Wal-Mart*, 564 U.S. at 360 (quoting Fed. R. Civ. P. 23(b)(2)).  At the class certification stage, Plaintiff need not prove that every Class member has been actually harmed by Defendant's practices, merely that Defendant's practices have been applied generally to the Class.  *DG ex rel. Stricklin*, 594 F.3d at 1200-01.

There should be no question that Defendant acted on grounds generally applicable to the Class as a whole. Indeed, as described in more detail above, Defendant had a standardized practice of sending faxes to each member of the Class to promote its services without obtaining prior consent and without advising Class members that they could opt out. (Compl. ¶¶ 7-20). In the end, Defendant's conduct did not vary from Class member to Class member and therefore, final injunctive relief would (and is necessary to) protect Plaintiff and the other members of the Class from such conduct in the future. The prerequisites of Rule 23(b)(2) are met as well.

### F. The Proposed Class Also Satisfies Rule 23(b)(3).

Plaintiff also seeks certification of the Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the

11

class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). As discussed below, this case readily meets both of these requirements.

          i.        <u>Common Questions of Law and Fact Predominate</u>.

Rule 23(b)(3)'s "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *CGC Holding Co, LLC v. Broad and Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622-23 (1997)). The predominance requirement may be satisfied when the claims against a defendant arise out of the defendant's "standardized policy" applied to all members of the proposed Class. *See Rhodes*, 83 F. Supp. 3d at 1114.

Here, the common questions set forth above are at the heart of this litigation. The claims of Plaintiff and all other members of the Class arise from Defendant's standardized conduct of sending (or having sent on their behalf) faxes without obtaining consent and without an opt-out notice. (Compl. ¶¶ 24). Moreover, the answers to these questions are necessarily subject to common proof, primarily from information to be found within Defendant's own records. *See Wal-Mart*, 564 U.S. at 350 ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.").

The issue of prior express consent will drive this litigation. At this point, the fact that common proof will be used to resolve this central issue for the Class shows that Rule 23(b)(3) predominance is met. *CGC Holding Co.*, 773 F.3d at 1091. In short, evidence of the faxes themselves, how Defendant (or its agents) sent them, to what phone numbers they were made,

and how Defendant obtained those phone numbers will come from within Defendant's own records. Thus, the only claims at issue in this case—Defendant's alleged violation of the JFPA—will not require individual proof such that class treatment would be inappropriate.

For all of these reasons, Rule 23(b)(3)'s predominance requirement is satisfied.

          ii.        <u>The Class Action Mechanism is Superior to Other Available Methods for the Litigation of this Matter</u>.

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Cook*, 151 F.R.D. at 389. This proposed class action is superior to other available methods for adjudicating Plaintiff's and the Class's claims.

Absent class treatment in this case, each individual member of the Class would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. There is no government actor pursuing such claims. Accordingly, the superiority requirement is also satisfied.

## IV.    CONCLUSION

For the reasons stated above, and which will be borne out by discovery, this case is appropriate for class certification. Accordingly, Plaintiff Tech Instrumentation, individually and on behalf of the proposed Class, respectfully requests that the Court: (1) enter and reserve

ruling on Plaintiff's Motion for Class Certification; (2) allow for and schedule discovery to take place on class-wide issues; (3) grant Plaintiff leave to file an amended motion upon the conclusion of discovery relating to certification issues; (4) grant Plaintiff's Motion for Class Certification after full briefing; and (5) provide all other and further relief that the Court deems reasonable and just.

Respectfully submitted,

**TECH INSTRUMENTATION, INC.**
individually and on behalf of all others similarly situated,

Dated: December 6, 2016                By: /s/ Steven L. Woodrow
                                       One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan L. Coleman
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Tel: 877.333.9427
Fax: 888.498.8946
Law@StefanColeman.com

## CERTIFICATE OF SERVICE

I certify that I will serve this document on Defendant by sending the document to a process server to be served along with the Complaint and Summons (once issued).

/s/      Steven L. Woodrow