# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 16-cv-02981-KMT

TECH INSTRUMENTATION, INC., a Colorado corporation,
individually and on behalf of all others similarly situation

    Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

    Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference: March 1, 2017; Appearances: Steven Woodrow of Woodrow & Peluso, LLC, for plaintiff Tech Instrumentation, Inc. and the alleged Class; Jeffrey H. Kass of Lewis Brisbois, and Theodore E. Bacon and David J. Masutani of AlvaradoSmith, APC, on behalf of defendant Eurton Electric Company, Inc.

### 2. STATEMENT OF JURISDICTION

This case is an alleged class action brought under the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq*. ("TCPA" or the "Act."), a federal statute. As such, the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served. Plaintiff assert that the Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this case is a putative class action consisting of

over 100 class members who are minimally diverse and whose amounts in controversy, when aggregated, exceed $5,000,000.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff(s): This is an alleged class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Plaintiff claims Defendant sent unauthorized faxes and that such faxes contained insufficient opt-out language. The lack of such opt out language means the faxes were unsolicited.

b.  Defendant(s): Defendant believes the consumers consented to delivery of the faxes.

c.  Other Parties: Not applicable.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

- Defendant sent two faxes to Plaintiff, one on June 6, 2016 consisting of two pages, and one single page fax on June 16, 2016. The faxes were attached as Exhibit A to the Complaint. (Dkt. 1.)

- Plaintiff and Defendant have not conducted any business transactions with each other.

### 5. COMPUTATION OF DAMAGES

Plaintiff, individually, and on behalf of the alleged class, seeks (i) an award of the greater of actual or statutory damages under 47 U.S.C. § 227(b)(3)(B)-(C), (ii) an injunction under 47 U.S.C. § 227(b)(3)(A) requiring Defendant to cease all unauthorized facsimile activities, (iii) an

award of reasonable attorneys' fees and costs, and (iv) such other and further relief as the Court deems reasonable and just.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: February 8, 2017.

b. Names of each participant and party he/she represented: Steven Woodrow of Woodrow & Peluso, LLC, for plaintiff Tech Instrumentation, Inc.; Theodore E. Bacon of AlvaradoSmith, APC, on behalf of defendant Eurton Electric Company, Inc.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: March 15, 2017. The parties are attempting to settle the matter prior to that time.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

e. Statement concerning any agreements to conduct informal discovery: The parties have agreed to conduct informal discovery, including exchange and disclosure of relevant documents and in the event there are non-party witness, to seek joint informal statements. The parties also will hold meetings with clients to discuss settlement.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The parties are willing to conduct telephone depositions, and use of affidavits to support judicial notice. Counsel will use a unified exhibit numbering system.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: Not applicable.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties have discussed a basic framework for settlement consisting of an agreement by Defendant as to future compliance and payment of an amount for damages and attorney's fees. The parties are working to try to have the matter resolved on or before 3/15/17.

## 7. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: Each side shall be limited to 5 depositions and 25 interrogatories.

b. Limitations which any party proposes on the length of depositions: Seven (7) hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: Each side shall be limited to 25 requests for production and 25 requests for admission.

d. Other Planning or Discovery Orders: None

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: April 14, 2017.

b. Discovery Cut-off: (1) For Class Certification: July 25, 2017; (2) Motion for Class Certification: August 8, 2017; (3) For the Merits as to named Plaintiff: October 2, 2017.

c. Dispositive Motion Deadline: Not set at this time.

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any.

2. Limitations which the parties propose on the use or number of expert witnesses.

3. The parties shall designate all experts on class issues and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 8, 2017. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4. The parties shall designate all rebuttal experts on class issues and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 9, 2017. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the

5

expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

    e.    Identification of Persons to Be Deposed:

- Plaintiff's Person Most Knowledgeable, no more than 7 hours.
- Defendant's Person Most Knowledgeable, no more than 7 hours.

The parties reserve the right to identify additional persons to be deposed as determined though discovery.

All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.

    f.    Deadline for Interrogatories: (1) For Class Certification: August 1, 2017; (2) For the Merits: September 27, 2017.

    g.    Deadline for Requests for Production of Documents and/or Admissions: (1) For Class Certification: August 1, 2017; (2) For the Merits: September 27, 2017.

### 10.  DATES FOR FURTHER CONFERENCES

    a.    A Telephonic Status/Scheduling Conference is set for October 24, 2017 at 11:00 a.m. to discuss further discovery after potential class certification.  The parties shall initiate a conference call and contact 303-335-2780 at the scheduling time.  The parties are further directed to use a LAND LINE; NO CELLULAR, CORDLESS OR SPEAKER PHONES ARE PERMITTED.  The parties are directed to file a status report, as discussed, on or before October 17, 2017.

.

b.　　A final pretrial conference will be held in this case on _____, 2017, at _____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

a.　　Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

b.　　Anticipated length of trial and whether trial is to the court or jury: The Parties anticipate that a trial in this case would last three (3) days.

c.　　Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 1st day of March, 2017.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Jeffrey H. Kass* <br> Jeffrey H. Kass <br> LEWIS BRISBOIS BISGAARD & SMITH LLP <br> 1700 Lincoln Street, Suite 4000 <br> Denver, CO 80203 <br> Tel: (303) 861-7760 <br> Fax: (303) 861-7767 <br> Jeffrey.Kass@lewisbrisbois.com | */s/ Steven L. Woodrow* <br> Steven L. Woodrow <br> Patrick H. Peluso <br> WOODROW & PELUSO, LLC <br> 3900 E. Mexico Avenue <br> Suite 300 <br> Denver, CO 80210 <br> Tel (720) 213-0675 <br> Facsimile (303) 927-0809 <br> swoodrow@woodrowpeluso.com |
| Theodore E. Bacon <br> David J. Masutani <br> ALVARADOSMITH, APC <br> 633 W. Fifth Street, Suite 1100 <br> Los Angeles, CA 90071 <br> Tel: (213) 229-2400 <br> Fax: (213) 229-2499 <br> tbacon@alvaradosmith.com <br> dmasutani@alvaradosmith.com | Stefan L. Coleman <br> LAW OFFICES OF STEFAN COLEMAN, P.A. <br> 201 S. Biscayne Blvd, 28th Floor <br> Miami, FL 33133 <br> Tel (877) 333-9427 <br> Facsimile (888)498-8946 <br> Law@StefanColeman.com |