IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  **1:16-cv- 02981**

**TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,**

    Plaintiff,

v.

**EURTON ELECTRIC COMPANY, INC., a California corporation**

    Defendant.

---

**UNOPPOSED MOTION TO EXTEND DEADLINES FOR THE PARTIES
TO COMPLETE DISCOVERY RELATED TO CLASS CERTIFICATION,
TO FILE PAPERS RELATED TO CLASS CERTIFICATION,
AND RELATED DEADLINES**

---

I.   **Introduction**

Plaintiff Tech Instrumentation, Inc.'s ("Plaintiff" or "TII") Motion for Class Certification is due August 8, 2017, but significant discovery remains to be completed—notwithstanding TII's diligent efforts to pursue it. In accordance with Federal Rule Civil Procedure 16(b), Local Rule 16.1, and Local Rule 6.1, Plaintiff respectfully requests that the Court enlarge TII's deadlines to complete discovery related to class certification, to designate experts related to class certification, to serve all information specified by Federal Rule of Civil Procedure 26(a)(2), and to move for class certification by ninety (90) days.

As explained below, good cause exists for extending the deadlines. Despite diligently pursuing this case, TII needs additional time to obtain information essential to the Court's class certification analysis. Defendant Eurton Electric Company, Inc. ("Defendant" or "Eurton") does not oppose the relief sought in this Motion. As a result, this Court should grant the requested extension.

II.  **Factual and Procedural Background**

This case presents an alleged class action under the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227, *et seq.* ("JFPA" or the "Act"), challenging certain faxes sent by Eurton. In a nutshell, TII claims the faxes were unsolicited and failed to contain sufficient opt-out language and therefore violated the Act.

On March 1, 2017, the Court held a scheduling conference and entered a Scheduling Order (Dkts. 24, 25) establishing the following deadlines:

| Class Certification Discovery Cut-Off | July 25, 2017 |
| Motion for Class Certification Due | August 8, 2017 |

1

| Discovery for Merits as to named Plaintiff | October 2, 2017 |
|---|---|
| 26(a)(2) Disclosures | June 8, 2017 |
| Rebuttal Experts as to Class Certification | July 9, 2017 |
| Deadline for Interrogatories as to Class Certification and Merits | August 1, 2017 and September 27, 2017 |
| Deadline for Requests to Produce as to Class Certification and Merits | August 1, 2017 and September 27, 2017 |
| Status Conference | October 24, 2017 |

(Dkt. 25.)

Plaintiff has diligently pursued this case. Plaintiff served its first set of written discovery requests on March 28, 2017 with a return date of April 28, 2017. (See Declaration of Steven L. Woodrow, attached hereto as Exhibit A, ¶ 3.) Approximately one week prior to that due date, Eurton's counsel contacted TII's counsel and requested an extension of time until May 30, 2017 for Eurton to serve its responses, which Plaintiff granted so as not to appear unreasonable with respect to a requested extension. (*Id.*.)

On May 31, 2017, Eurton's counsel advised that it required yet more time to respond to Plaintiff's discovery requests and requested an additional 45 days. (*Id.* at ¶ 4.) Plaintiff's counsel was willing to grant only an additional 14 days (starting on June 1, 2017) and only on the condition that the Parties file a joint stipulation extending class certification related deadlines. (*Id.* at ¶ 5.) Plaintiff's counsel expressed concern on June 2, 2017 that a long extension of Eurton's time to respond to discovery would harm Plaintiff as class certification deadlines were

2

approaching, and TII would likely need to issue follow up discovery, take depositions, and perhaps move to compel certain responses. (*Id..*)

On June 2, 2017, the Parties filed a joint stipulation to continue class related deadlines on the conditions required by Plaintiff. (*See* Dkt. 28.) On June 8, 2017, however, the Court denied the stipulation, stating as follows:

> ORDER DENYING [28] Stipulation to Continue the Discovery Cutoff Dates, the Motion for Class Certification Filing Deadline, and all Associated Dates. On March 1, 2017, the Court issued a Scheduling Order in which numerous dates were set after lengthy conferral with counsel. Tech Instrumentation thereafter served its first sets of Requests for Production of Documents and Special Interrogatories on Eurton Electric with a production date of April 28, 2017. Eurton promptly requested two extensions of the deadlines to respond. No reason for such requests was provided to the court. The Scheduling Order is not a frivolous document. This court will not completely overhaul a detailed class action Scheduling Order simply because a party decides -- right out of the gate -- to abrogate its obligations under the Federal Rules of Civil Procedure. Tech Instrumentation did not agree to any extension beyond June 2, 2017 and therefore Eurton Electric should have completely responded on or before that date. Failure to timely respond to discovery is subject to substantial and serious sanctions under Fed. R. Civ. P. 37.

(Dkt. 30.)

On June 9, 2017, after receiving the Court's Order, Eurton served responses to Plaintiff's written discovery requests and produced a list of each fax number on its fax list. (Woodrow Decl. ¶ 7.) The discovery responses were riddled with deficiencies, however, and Plaintiff's counsel sent an email to Defendant's counsel, David Masutani, on June 13, 2017—a mere 4 days after Plaintiffs received the responses—highlighting 13 separate issues that required a meet and confer. (*See* June 13, 2017 Email, attached hereto as Exhibit B.) Plaintiff's counsel also asked for dates on which Eurton's Rule 30(b)(6) designee was available to be deposed either June 29-30th or the week of July 10th-14th. (*See id.*)

On June 21, 2017, Plaintiff's counsel received an email from Defendant's counsel stating:

3

> With regard to the above referenced matter, it is my understanding that you have provided a "meet and confer" letter to David Masutani with regard to the responses to the written discovery, wherein you requested a response by today, June 20, 2017. Unfortunately, David Masutani is no longer with our firm. I will now be the associate on this matter and, as such, in order to allow enough time to review your "meet and confer" letter and address your concerns, I request a 10-day extension to respond to your "meet and confer" letter. Please advise if this extension would be agreeable.

(*See* June 21, 2017 Email, attached hereto as Exhibit C.) Plaintiff's counsel promptly responded that, "It is not agreeable. Your side has delayed the case long enough, and the Court denied your last motion for an extension citing a lack of good cause. You can have until Friday to provide a date to meet and confer next week. The issues aren't complicated." (*See id.*)

On July 7, 2017, Eurton finally supplemented its discovery responses to address some of the issues Plaintiff's counsel highlighted in their June 13, 2017 email. (Woodrow Decl. ¶ 8.) Plaintiff's counsel quickly reviewed the responses and, on July 11, 2017, served a Second Set of Requests to Produce, and First Set of Requests to Admit, and a Rule 30(b)(6) Notice (which was set for August 2, 2017 due to Eurton's failure to respond with available dates as requested on June 13, 2017). (Woodrow Decl. ¶ 9.)

At this point, and despite having served its discovery requests back on March 28, 2017, Plaintiff only received complete responses on July 7, 2017 together with previously undisclosed information that requires follow up discovery. (Woodrow Decl. ¶ 3, 7-8.) As a result, TII simply does not have the information necessary to adequately present the Court with a motion for class certification. Accordingly, and as explained in further detail below, this Court should enlarge the deadlines related to class certification by ninety (90) days each so that the Court has an adequate record from which it can evaluate class certification under Rule 23.

**III.   ARGUMENT**

4

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Likewise, Local Rule 16.1 provides a scheduling order shall only be modified "upon a showing of good cause and by leave of court." "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting *Colorado Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000) (quotation omitted).

Applied here, TII has diligently pursued discovery. The delays in this case have not been the fault of Plaintiff. Not only has Plaintiff pushed ahead with the required fervor to support a finding of good cause, the information that remains undiscovered is directly relevant to the class certification inquiry.

### A. Plaintiff has pursued discovery with diligence.

As explained above, Plaintiff has promptly served discovery requests, discovery deficiencies letters, and supplement discovery responses in a timely manner. Plaintiff also promptly served a third-party subpoena to an entity called WestFax, which Eurton has claimed acted as the facsimile service that Eurton hired to send the faxes at issue. But Plaintiff has not yet been able to depose Eurton's designee because Eurton has refused to provide available dates (in addition to delaying its discovery responses for several months and because Eurton only recently disclosed the fax numbers that presumably belong to members of the alleged Class (supplemental requests on this issue remain outstanding). Further, Plaintiff promptly issued a subpoena to WestFax once the company was identified, but Plaintiff has yet to receive a response

5

from WestFax, which should include reports regarding WestFax's faxing activities untaken on behalf of Eurton.

Accordingly, Plaintiff has been diligently pursuing this matter. But despite Plaintiff's diligence, much remains outstanding. In light of Plaintiff's diligence, this Court should have little trouble finding good cause to support the requested extension.

**B.     Critical discovery remains outstanding related to class certification.**

There are three primary areas of discovery that were only recently disclosed by Eurton that seemingly bear on class certification or the merits such that additional time is needed to flesh out such theories.

First, for the first time on July 7, 2017, Eurton disclosed that it has no written record of permission to send TII faxes but that it is its supposed policy and procedure to request express oral permission from a business prior to sending faxes This is supposedly done in three steps. First, Eurton utilizes internet search engines to locate potential customers. Then, once a potential customer is located, Eurton claims to contact the potential customer by telephone and discuss Eurton's products and request permission to send a facsimile regarding the products. If permission is obtained, the facsimile number is added to a running list maintained by Eurton. Plaintiff promptly served supplemental discovery requests on this issue a mere 4 days after learning about it, but Eurton's responses are not due until August 11, 2017.

Plaintiff must be able to test this "3-step verification" process by which Eurton contends it secured prior express permission to send the faxes at issue to Plaintiff and the alleged Class, and Plaintiff has served discovery related to this issue. Additionally, Plaintiff may need to depose former employees who were supposedly trained in the policy and implemented it.

6

Second, Eurton also disclosed for the first time on July 7, 2017 that when a recipient opts-out of receiving further faxes, that recipient's fax number is supposedly simply removed from the running list. In other words, Eurton has no single record reflecting who has opted-out of receiving faxes and only has an email record of a single recipient opting-out. Plaintiff must be afforded a chance to depose Eurton's representative on this issue and receive responses to supplemental discovery requests served on this issue on July 11, 2017.

Finally, and related to Eurton's claim that it lacks information, WestFax has not yet responded to Plaintiff's subpoena. It appears that Eurton hired WestFax to send the faxes at issue, in which case relevant documents would include information about the number of persons faxed and the dates and times of the faxes--the very information Eurton claims it doesn't possess. Indeed, WestFax may have a list of all faxes sent by Eurton through its platform (or comparable reports), that would be critical to identifying the members of the alleged Class and the number of faxes each were sent/received..

As such, critical information remains outstanding despite Plaintiff's diligent efforts to obtain it, and the class certification deadlines should be extended accordingly.

### C. Plaintiff's Proposed New Schedule

Given the current deadlines and the level of discovery that remains outstanding, Plaintiff seeks a 90-day enlargement of the deadlines as follows:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Discovery Cut-Off | July 25, 2017 | October 23, 2017 |
| Motion for Class Certification Due | August 8, 2017 | Nov. 6, 2017 |

7

| Discovery for Merits as to named Plaintiff | October 2, 2017 | Jan. 3, 2018 |
|---|---|---|
| 26(a)(2) Disclosures | June 8, 2017 | Sept. 6, 2017 |

| Rebuttal Experts as to Class Certification | July 9, 2017 | Oct. 7, 2017 |
|---|---|---|
| Deadline for Interrogatories and Requests to Produce as to Class Certification and Merits | August 1, 2017 and Sept. 27, 2017 | Oct. 30, 2017 and December 29, 2017 |

## IV.   CONCLUSION

WHEREFORE, Plaintiff Stephanie Speight respectfully requests that the Court enter an Order extending class certification related deadlines by 90-days, as explained in Section C above. Plaintiff has diligently pursued necessary discovery in this case and the extension is warranted.

Respectfully submitted,

Date: July 18, 2017                     TECH INSTRUMENTATION, INC.


/s/ Steven L. Woodrow
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico, Ave. Suite 300
Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

8

*Attorneys for Plaintiff and the Alleged Class*

## CERTIFICATE OF SERVICE

I, Steven L. Woodrow, an attorney, hereby certify that on July 18, 2017, I served the above and foregoing papers by causing a true and accurate copy of such papers to be filed with the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

    /s/ Steven L. Woodrow