# EXHIBIT B

Patrick Peluso <ppeluso@woodrowpeluso.com>

## WOODROW&PELUSO

## Tech Instrumentation, Inc. v. Eurton Electric Company, Inc. - Responses to Requests for Production and Special Interrogatories

**Steven Woodrow** <swoodrow@woodrowpeluso.com>                    Tue, Jun 13, 2017 at 3:48 PM
To: "David J. Masutani" <dmasutani@alvaradosmith.com>
Cc: Patrick Peluso <ppeluso@woodrowpeluso.com>, "Law@stefancoleman.com"
<Law@stefancoleman.com>, "Kass, Jeffrey" <Jeffrey.Kass@lewisbrisbois.com>,
"Robin.Alexander@lewisbrisbois.com" <Robin.Alexander@lewisbrisbois.com>, Ted Bacon
<tbacon@alvaradosmith.com>

David,

There are several issues with Eurton's discovery responses as set forth below. Please let us know when you can meet and confer to resolve these issues within the next seven days. Also, please see a message at the end regarding deposition scheduling:

**Issues with Eurton's Responses to Plaintiff's Requests to Produce:**

1.      Your response indicates that Eurton "does not believe that it completed any sales to TII." Please clarify by June 20, 2017 whether there were ever any discussions or negotiations regarding any potential sales to Plaintiff by Eurton.

2.      Your answer is nonresponsive. The RTP seeks documents the manner by which Eurton obtained Plaintiff's fax number and your answer merely states that Eurton, per its custom and practice, would have sought Plaintiff's permission to send it faxes regarding its products. This looks like its partially answering a separate question--how permission or invitation to send the faxes were obtained, but perhaps we are missing something. Please elaborate as to how Eurton, per its customs and practices, would have sought Plaintiff's express permission or invitation and its fax number.

3.      With respect to the "running list," are there any other data columns for such persons? That is, does Eurton possess identifying information for the holders/users of these fax numbers, or does Eurton merely have the numbers? To the extent Eurton has additional identifying data it should be produced.

4.      This RTP focuses on the persons with whom you have a prior business relationship. The RTPs adopt the definition used in the Federal Regulations. Those Regulations state, in turn, that:

The term established business relationship for purposes of paragraph (a)(4) of this section on the sending of facsimile advertisements means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

 47 C.F.R. § 64.1200(f)(6). Eurton's response appears to adopt its own definition of an EBR and then, based on that, it simply asserts that it enjoyed an EBR with everyone. This is insufficient. Please explain how you acquired any particular EBR, identifying the specific two-way communication.

5.      Please confirm whether or not you have retained sales data from that time period. Given your statements that you had EBRs with everyone, Please provide sales information for each person with whom you transacted any business during the relevant period of time.

8.      Eurton responds to RTP 8 by stating, "the Responding Party believes, based on its custom and practice, that it likely would have identified that TII is in the business of selling extension cables and

cords, and on that basis would have sought TII's permission to send it faxes regarding the Responding Party's products, and that it obtained TII's express permission by virtue of the fact that TII's fax number is on its running list." As with RTP 2, please provide more detail regarding how it would have identified that TII was in the business of selling cables and cords and how it would have sought TII's permission to send it faxes. Please include your complete policies in this regard.

      13.     You respond that you hired a faxing company in CO but cannot recall its name or address, yet in response to RTP 6 you identify a third party faxing company known as WestFax which is based in CO. Please confirm that the third party faxing company referred to in response to RTP 13 is also WestFax.

      14.     Does Eurton know whether responsive documents exist outside of its possession or control? If so please identify their location and custodian(s).

**Issues with Eurton's Responses to Plaintiff's First Set of Interrogatories:**

      1.     Your answer is nonresponsive. Please explain how Eurton obtains permission or invitation to send faxes. To the extent it has ever had any communication with Plaintiff regarding the sending of faxes You should disclose and Identify any such communication.

      2.     Please identify how Eurton would have identified that TII is in the business of selling extension cables and cords, and on that basis, how Eurton would have sought TII's permission to send the faxes.

      3.     To the extent Eurton has additional identifying information for such fax numbers that are kept on its "running list," then such identifying information should be provided promptly (including name, address, phone numbers, emails, timestamps etc).

      4.     The interrogatories use the definition of EBR set forth in 47 C.F.R. § 64.1200(f)(6). Please identify any two-way communications on the basis of any inquiry, application, purchase or transaction by TII or any other recipient of your faxes regarding any products or services offered by you on which you claim any EBR has been formed.

      7.     Please confirm there are no other faxes in your possession that you or WestFax on your behalf caused to be sent to Plaintiff.

**Deposition Scheduling**

Please advise as to whether your client can be deposed (30(b)(6) exam) in Denver either June 29-30 or the week of July 10th - 14th.

Thanks,

-Steven


On Fri, Jun 9, 2017 at 6:34 PM, David J. Masutani <dmasutani@alvaradosmith.com> wrote:
>
> Everyone,
>
>
>
> Attached are Eurton Electric Company, Inc.'s responses to first sets of special interrogatories and requests for production propounded by Plaintiff.
>
>
>
> Sincerely,
>
>

>
> DAVID J. MASUTANI
>
> SENIOR COUNSEL
>
> 633 W. Fifth Street, Suite 1100
>
> Los Angeles, CA 90071
>
> T: 213.229.2400
>
> F: 213.229.2499
>
> dmasutani@alvaradosmith.com
>
>
>
> NOTICE OF STRICT CONFIDENTIALITY. This transmission constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message, together with any attachments. This communication, including its attachments, may contain confidential and privileged material for the sole use of the intended individual or entity recipient, and receipt by any party other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender immediately by telephone or by return Email, and delete this message along with any attachments from your computer.
>
>
>
>


--

Steven L. Woodrow I  Woodrow & Peluso LLC

3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
720.213.0675 (direct) I 303.927.0809 (fax)
swoodrow@woodrowpeluso.com I www.woodrowpeluso.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Woodrow & Peluso, LLC.  It may be privileged, confidential, attorney work product, or otherwise exempt and is intended only for the individual to whom it was addressed and others who have been specifically authorized to receive it.  If you have received this communication in error and are not an intended recipient, please notify Woodrow & Peluso, LLC immediately and do not read, copy, use, or disclose this e-mail to others, including its attachments. After notifying Woodrow & Peluso, LLC, please delete the e-mail.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.