# EXHIBIT C

<div align="center">

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

</div>

Case No. 16-cv-02981-KMT

TECH INSTRUMENTATION, INC., a Colorado corporation,
individually and on behalf of all others similarly situated,

      Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

      Defendant.

---

**DEFENDANT EURTON ELECTRIC COMPANY, INC.'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO PRODUCE**

---

## PRELIMINARY STATEMENT

Pursuant to Rule 34, *Federal Rules of Civil Procedure* ("FRCP"), defendant Eurton Electric Company, Inc. ("Responding Party") responds to the Requests to Produce, Set One, propounded by Plaintiff ("Propounding Party").

Each response set forth herein, is subject to the stated limitations and to this Preliminary Statement, and is as complete as the information reasonably available to Responding Party as of the date of these responses. Responding Party's pre-trial discovery, investigation, and analysis are continuing, and Responding Party may learn of additional information subsequent to the date of these responses. The responses set forth herein are subject to being amended with information and documents subsequently discovered, inadvertently omitted, or mistakenly identified in these initial responses. Moreover, as discovery, investigation, and legal research progress, new facts may be discovered and previously known facts may take on new meaning or significance, thereby changing any conclusions, opinions, representations, objections, and/or statements made herein.

All evidentiary objections shall be reserved for the time of trial and no waiver of any objection is to be implied from this Response or any production made pursuant hereto. By this Response and the ensuing production, Responding Party is not making any writing admissible at the time of trial which would otherwise be inadmissible.

To the extent that this Response or any production pursuant hereto might waive, whether implicitly or explicitly, any otherwise assertable objection to discovery, such waiver shall be limited to this Response and to the ensuing production only, and shall not extend to any further requests for production or to any discovery proceedings or to any requests or subpoenas for the production of any such writings at the time of trial.

To the extent that all or any of the requests seek information and/or documents subject to the attorney-client privilege then the Responding Party asserts the attorney-client and/or work product privileges to each of such requests as appropriate and to the extent necessary to avoid a waiver of such privileges.

Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections are incorporated by reference into each of the following responses.

## RESPONSES TO REQUEST TO PRODUCT

### REQUEST TO PRODUCE NO. 1:

All Documents sufficient to Identify and any all sales, transactions, or business dealings between You and TII.

### AMENDED RESPONSE TO REQUEST TO PRODUCE NO. 1:

Objection. The Request is vague, ambiguous, compound, overly broad in time and scope, and it seeks information that is irrelevant and not likely to lead to admissible evidence.

Subject to and without waiving, and notwithstanding the foregoing objections, Responding Party states: After a diligent search and reasonable inquiry, Responding party is not

2

in possession of any documents that would be responsive to this request. It is Responding Party's belief that Responding Party had no sales, transactions and/or business dealings with TII.

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST TO PRODUCE NO. 2:**

All Documents sufficient to Identify the manner by which You obtained TII's fax number.

**AMENDED RESPONSE TO REQUEST TO PRODUCE NO. 2:**

Objection. The Request is vague, ambiguous as phrased.

Subject to and without waiving, and notwithstanding the foregoing objections, Responding Party states: After a diligent search and reasonable inquiry, Responding Party is not in possession of any documents that would be responsive to this request.

Responding Party is unable to locate records pertaining to TII and, as such, cannot definitively state whether Responding Party or TII initiated the original contact. However, it is and has been Responding Party's policy and procedure to request express oral permission from any individual, person or business entity before sending a facsimile to said individual, person or business entity regarding Responding Party's goods.

It is Responding Party's practice to utilize search engines on the internet for the purposes of locating potential customers. Once a potential customer is located, Responding Party's practiced policy and procedure is for a representative of Responding Party to (1) contact the potential customer by telephone, discuss with the potential customer Responding Party's goods, and request express permission to utilize a customer's specific facsimile number for the purposes of sending Responding Party's facsimile regarding Responding Party's good, (2) when express permission is obtained from the potential customer, the facsimile number authorized to be used by the potential customer is added to a running list maintained by Responding Party, and (3) Responding Party sends its facsimile to the potential customer utilizing the facsimile number that the potential customer provided express permissions to use.

3

Investigation and discovery are continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST TO PRODUCE NO. 3:**

All Documents sufficient to Identify all Person to whom You caused to be sent at least one (1) Fax and the total number of Faxes sent to each such Persons.

**AMENDED RESPONSE TO REQUEST TO PRODUCE NO. 3:**

Objection. The Request is vague, ambiguous, compound, overly broad in time and scope, it seeks documents that are irrelevant and not likely to lead to admissible evidence, and therefore is burdensome, oppressive and harassing as phrased.

Subject to and without waiving, and notwithstanding the foregoing objections, Responding Party responds: Responding party will produce its "running list" of facsimile numbers utilized the for the purposes of distributing advertisements by facsimile. The list is being produced in the manner in which it is maintained by Responding Party. Responding Party does not maintain records documenting when numbers were added or deleted from the list, so it cannot confirm how many faxes were sent to each number listed within the four years prior to the filing of this action, nor if an persons or entities that are not on the list were sent faxes within the four years prior to the filing of this action.

Investigation and discovery are continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST TO PRODUCE NO. 4:**

All Documents sufficient to Identify, for all Persons Identified in documents produced in response to Request to Produce No. 3 above, each Person with whom You had an Established Business Relationship.

**AMENDED RESPONSE TO REQUEST TO PRODUCE NO. 4:**

Objection. The Request is vague, ambiguous, compound, overly broad in time and scope, it seeks documents that are irrelevant and not likely to lead to admissible evidence, and therefore is burdensome, oppressive and harassing as phrased.

4

Subject to and without waiving, and notwithstanding the foregoing objections, Responding Party states: After a diligent search and reasonably inquiry, Responding Party is not in possession of any documents responsive to this request. Based upon the definition of "Established Business Relationship" as stated in 47 C.F.R. § 64.1200(f)(6), Responding Party is unable to determine based upon records in its possession whether the individuals, persons and/or business entities had an "Established Business Relationship" with Responding Party at the time in which said individuals, persons and/or business entities were sent a facsimile by Responding Party regarding Responding Party's goods. Responding Party does not maintain records of when facsimiles are sent to specific individuals, persons and/or business entities and the status of the business relationship at the time in which the facsimile is sent.

Investigation and discovery are continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST TO PRODUCE NO. 5:**

All Documents sufficient to Identify all Persons who have successfully opted out of receiving Your Faxes by following the "Please Remove" procedures outlined on Your Faxes together with the date(s) they successfully opted out.

**AMENDED RESPONSE TO REQUEST TO PRODUCE NO. 5:**

Objection. The Request is vague, ambiguous, compound, overly broad in time and scope, it seeks documents that are irrelevant and not likely to lead to admissible evidence, and therefore is burdensome, oppressive and harassing as phrased.

Subject to and without waiving, and notwithstanding the foregoing objections, Responding Party states: After a diligent search and reasonably inquiry, Responding Party will produce all non-privileged documents responsive to this request. Responding Party's custom and practice to immediately delete a person's or entity's fax number from its running list once that person or entity provides notice to the Responding Party that it no longer wants to receive faxes from the Responding Party.

Investigation and discovery are continuing and Responding Party reserves the right to

5

supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST TO PRODUCE NO. 8:**

All Documents sufficient to Identify any prior express permission or invitation You claim You obtained to send Faxes to TII prior to sending any Fax to TII.

**AMENDED RESPONSE TO REQUEST TO PRODUCE NO. 8:**

Objection. The Request is vague, ambiguous and compound as phrased.

Subject to and without waiving, and notwithstanding the foregoing objections, Responding Party responds: After a diligent search and reasonably inquiry, Responding Party is not in possession of any documents responsive to this request. It is Responding Party's practice to utilize search engines on the internet for the purposes of locating potential customers. Once a potential customer is located, Responding Party's practiced policy and procedure is for a representative of Responding Party to (1) contact the potential customer by telephone, discuss with the potential customer Responding Party's goods, and request express permission to utilize a customer's specific facsimile number for the purposes of sending Responding Party's facsimile regarding Responding Party's good, (2) when express permission is obtained from the potential customer, the facsimile number authorized to be used by the potential customer is added to a running list maintained by Responding Party, and (3) Responding Party sends its facsimile to the potential customer utilizing the facsimile number that the potential customer provided express permissions to use.

Investigation and discovery are continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST TO PRODUCE NO. 13:**

All Documents sufficient to Identify the Fax Machine, computer, or other device used to send the Faxes at issue in the Complaint.

**AMENDED RESPONSE TO REQUEST TO PRODUCE NO. 13:**

Objection. The Request is vague, ambiguous, compound, overly broad in time and scope, it seeks documents that are irrelevant and not likely to lead to admissible evidence, and therefore

6

is burdensome, oppressive and harassing as phrased.

Subject to and without waiving, and notwithstanding the foregoing objections, Responding Party responds: After a diligent search and reasonable inquiry, Responding Party is not in possession of documents responsive to this request. Within the four years prior to the filing of this action, the Responding Party hired WestFax, Inc., 9200 E. Mineral Ave., Suite 275, Centennial, Colorado 80112, (800) 473-6208. Responding Party at this time does not recall if any additional third party faxing companies were utilized by Responding Party.

Investigation and discovery are continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

DATED: July 7, 2017

Respectfully submitted,

ALVARADOSMITH
A Professional Corporation

By:    /s/ Jacob M. Clark
      Theodore E. Bacon
      Jacob M. Clark
      ALVARADOSMITH, APC
      633 W. Fifth Street, Suite 1100
      Los Angeles, California 90071
      Tel: (213) 229-2400

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July 2017, I served the foregoing **DEFENDANT EURTON ELECTRIC COMPANY, INC.'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO PRODUCE** by causing such document to be transmitted to all counsel of record via electronic mail.

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, CO 80210

Stefan Coleman
Law@stefancoleman.com
Law Office of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131

*/s/* Belinda Slack