# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 16-cv-02981-KMT

TECH INSTRUMENTATION, INC., a Colorado corporation,
individually and on behalf of all others similarly situated,

     Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

     Defendant.

---

## DEFENDANT EURTON ELECTRIC COMPANY, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

---

### PRELIMINARY STATEMENT

Pursuant to Rule 36, *Federal Rules of Civil Procedure* ("FRCP"), defendant Eurton Electric Company, Inc. ("Responding Party") responds to the Requests for Admission, Set One, propounded by Plaintiff ("Propounding Party").

Each response set forth herein, is subject to the stated limitations and to this Preliminary Statement, and is as complete as the information reasonably available to Responding Party as of the date of these responses. Responding Party's pre-trial discovery, investigation, and analysis are continuing, and Responding Party may learn of additional information subsequent to the date of these responses. The responses set forth herein are subject to being amended with information and documents subsequently discovered, inadvertently omitted, or mistakenly identified in these initial responses. Moreover, as discovery, investigation, and legal research progress, new facts may be discovered and previously known facts may take on new meaning or significance, thereby changing any conclusions, opinions, representations, objections, and/or statements made herein.

4548956.1 -- B2144.4

All evidentiary objections shall be reserved for the time of trial and no waiver of any objection is to be implied from this Response or any production made pursuant hereto. By this Response and the ensuing production, Responding Party is not making any writing admissible at the time of trial which would otherwise be inadmissible.

To the extent that this Response or any production pursuant hereto might waive, whether implicitly or explicitly, any otherwise assertable objection to discovery, such waiver shall be limited to this Response and to the ensuing production only, and shall not extend to any further requests for production or to any discovery proceedings or to any requests or subpoenas for the production of any such writings at the time of trial.

To the extent that all or any of the requests seek information and/or documents subject to the attorney-client privilege then the Responding Party asserts the attorney-client and/or work product privileges to each of such requests as appropriate and to the extent necessary to avoid a waiver of such privileges.

Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections are incorporated by reference into each of the following responses.

## RESPONSES TO REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

You only sent Faxes through WestFax or another third party.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. Responding Party objects on the grounds that this request is overly broad as to both time and scope. Responding Party also objects on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any objections, Responding Party states: Responding Party admits that it utilized third party service providers, like WestFax, to send facsimiles similar to the facsimile

2

that is attached to the Complaint as Exhibit "A.'

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST FOR ADMISSION NO. 2:**

You did not send Faxes on Your own; rather, You used WestFax or another third party.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. Responding Party objects on the grounds that this request is vague and ambiguous as to the phrase "sent Faxes on Your own." Responding Party objects on the grounds that this request is overly broad as to both time and scope. Responding Party also objects on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any objections, Responding Party states: Responding Party admits that it utilized third party service providers, like WestFax, to send facsimiles similar to the facsimile that is attached to the Complaint as Exhibit "A."

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST FOR ADMISSION NO. 3:**

You received reports from WestFax regarding its sending of Faxes on Your Behalf.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection. Responding Party objects on the grounds that this request is vague and ambiguous as to the term "reports." Responding Party objects on the grounds that this request is overly broad as to both time and scope. Responding Party also objects on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any objections, Responding Party states: Responding Party admits that it received reports from its third party service providers relating to the facsimiles sent on behalf of Responding Party. However, Responding Party did not maintain, save and/or store these reports.

3

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST FOR ADMISSION NO. 4:**

You caused WestFax to send a Fax to Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection.  Responding Party objects on the grounds that this request is vague and ambiguous as to the term "caused."

Without waiving any objections, Responding Party states:  After a diligent search and reasonable inquiry, Responding Party is unable to admit or deny this request.  Responding Party cannot state whether any facsimile sent to Plaintiff on behalf of Responding Party was sent by WestFax or another third party service provider.

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST FOR ADMISSION NO. 5:**

Prior to this lawsuit, You had not trained any employees in Your supposed three-part procedure set forth in Your Amended Responses to Plaintiff's First Set of Requests to Produce served July 7, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection.  Responding Party objects on the grounds that this request is vague and ambiguous as to the terms/phrases "trained" and "three-part procedure." Responding Party objects on the grounds that this request is overly broad as to both time and scope.  Responding Party also objects on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any objections, Responding Party states:  Deny.

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

4

**REQUEST FOR ADMISSION NO. 6:**

You have no access to any internet browsing history records that show internet activity undertaken in furtherance of Your supposed three-part procedure set forth in Your Amended Responses to Plaintiff's First Set of Requests to Produce served July 7, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection.  Responding Party objects on the grounds that this request is vague and ambiguous as to the terms/phrases "access," "internet browsing history records," "internet activity," "undertaken," "furtherance," and "three-part procedure."

Without waiving any objections, Responding Party states:  Responding Party admits that it did not create, maintain and/or store records relating to "internet activity" pertaining to Responding Party's procedure in obtaining consent prior to sending facsimiles.

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

**REQUEST FOR ADMISSION NO. 7:**

You have no access to any telephone records that show telephone calls made in furtherance of Your supposed three-part procedure set forth in Your Amended Response to Plaintiff's First Set of Requests to Produce served July 7, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection.  Responding Party objects on the grounds that this request is vague and ambiguous as to the terms/phrases "access," "telephone records," "telephone calls," "furtherance," and "three-part procedure."

Without waiving any objections, Responding Party states:  Responding Party admits that it did not create, maintain and/or store records relating to "telephone calls" pertaining to Responding Party's procedure in obtaining consent prior to sending facsimiles.

///

///

4548956.1 -- B2144.4

Investigation and discovery is continuing and Responding Party reserves the right to supplement and/or amend its responses at a later date upon discovery of additional information.

DATED:  August 17, 2017

Respectfully submitted,

ALVARADOSMITH
A Professional Corporation

By: ___/s/ Jacob M. Clark_____
        Theodore E. Bacon
        Jacob M. Clark
        ALVARADOSMITH, APC
        633 W. Fifth Street, Suite 1100
        Los Angeles, California 90071
        Tel: (213) 229-2400

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August 2017, I served the foregoing **DEFENDANT EURTON ELECTRIC COMPANY, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** by causing such document to be transmitted to all counsel of record via electronic mail.

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, CO 80210

Stefan Coleman
Law@stefancoleman.com
Law Office of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131

/s/ Belinda Slack