# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 16-cv-02981-MSK-KMT

TECH INSTRUMENTATION, INC., a Colorado
corporation, individually and on behalf of all others similarly
situated,

    Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

    Defendant.

## JOINT SCHEDULING ORDER

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference: June 6, 2018; Appearances: Patrick H. Peluso of Woodrow & Peluso, LLC, for plaintiff Tech Instrumentation, Inc. ("Plaintiff") and the Class; Jacob Clark of AlvaradoSmith, APC, on behalf of defendant Eurton Electric Company, Inc. ("Defendant").

### 2.  STATEMENT OF JURISDICTION

This case is an alleged class action brought under the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq*. ("TCPA" or the "Act."), a federal statute. As such, the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served. Plaintiff assert that the Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this case is a putative class action consisting of over 100 class members who are minimally diverse and whose amounts in controversy, when

1

aggregated, exceed $5,000,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff(s): This is an alleged class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Plaintiff claims Defendant sent unauthorized and unsolicited faxes and that such faxes contained insufficient opt-out language.

b.  Defendant(s):  Defendant claims that the consumers consented to the delivery of the faxes.

c.  Other Parties: Not applicable.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- Defendant sent two faxes to Plaintiff, one on June 6, 2016 consisting of two pages, and one single page fax on June 16, 2016. The faxes were attached as Exhibit A to the Complaint. (Dkt. 1.)

- Plaintiff and Defendant have not conducted any business transactions with each other.

- On May 29, 2018, the Court certified a Class in this matter as follows: Any person/entity who: (1) received a cold call from Defendant pursuant to its three-stop procedure; and (2) is listed on a list prepared by Defendant and supplied to WestFax; and (3) received one or more faxes sent by Defendant or WestFax between December 16, 2013 through the date notice is sent to the Class.

2

### 5.  COMPUTATION OF DAMAGES

Plaintiff and the certified Class seeks (i) an award of the greater of actual or statutory damages under 47 U.S.C. § 227(b)(3)(B)-(C), (ii) an injunction under 47 U.S.C. § 227(b)(3)(A) requiring Defendant to cease all unauthorized facsimile activities, (iii) an award of reasonable attorneys' fees and costs, and (iv) such other and further relief as the Court deems reasonable and just.

### 6.  REPORT OF PRECONFERENCE MEETING

a. Date of updated scheduling meeting: June 6, 2018.

b. Names of each participant and party he/she represented: Patrick Peluso of Woodrow & Peluso, LLC, for plaintiff Tech Instrumentation, Inc.; Jacob Clark of AlvaradoSmith, APC, on behalf of defendant Eurton Electric Company, Inc.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: Such disclosures have been made.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

e. Statement concerning any agreements to conduct informal discovery: The parties have been conducting formal discovery.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The parties are

3

willing to conduct telephone depositions, and use of affidavits to support judicial notice. Counsel will use a unified exhibit numbering system.

      g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: Not applicable.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties have discussed settlement, but at this time informal resolution of this matter does not appear to be imminent.

### 7. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

      a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: No modifications.

      b.      Limitations which any party proposes on the length of depositions: Seven (7) hours.

      c.      Limitations which any party proposes on the number of requests for production and/or requests for admission: Each side shall be limited to 25 requests for production and 25 request for admissions to be propounded on each party.

      d.      Other Planning or Discovery Orders:

      Plaintiff's position: On June 6, 2018, Plaintiff's counsel learned that John Buchanan, President of Defendant Eurton Electric, has had extensive and improper *ex parte*

communication with members of the certified Class. Plaintiff will be filing a Motion concerning this conduct within the next two weeks, but flags this issue for the Court's attention.

Defendant's position: At this time, Defendant disputes Plaintiff's position that there has been extensive and improper contact and/or communication with members of the certified class.

## 9. CASE PLAN AND SCHEDULE

The Parties jointly propose the following scheduling for the remainder of the case:

Deadline to submit proposed notice to the class, with a chart that identifies areas of disagreement:  **August 17, 2018**

a. Deadline to disseminate Notice to the Class: to be determined after ruling on notice issues

b. Initial Designation of Expert Witnesses: to be determined after ruling on notice issues

c. Designation of Reply Expert Witnesses: to be determined after ruling on notice issues

d. Discovery Cut-off: to be determined after ruling on notice issues

e. Dispositive Motion Cut-off: to be determined after ruling on notice issues

f. Discovery Motion Cut-off: to be determined after ruling on notice issues

## 10. DATES FOR FURTHER CONFERENCES
Status conferences will be held in this case at the following dates and times:

b. A final pretrial conference will be held in this case on _____, 2019, at
g. _____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

5

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

b. Anticipated length of trial and whether trial is to the court or jury: The Parties anticipate that a trial in this case would last three (3) days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 18th day of June , 2018.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ Jacob M. Clark
Theodore E. Bacon
Jacob M. Clark
ALVARADOSMITH, APC
633 W. Fifth Street, Suite 1100
Los Angeles, California 90071
Tel: (213) 229-2400
Fax: (213) 229-2499
tbacon@AlvaradoSmith.com
jclark@AlvaradoSmith.com
Attorneys for Defendant Eurton Electric Company, Inc.

/s/ Patrick H. Peluso
Steven L. Woodrow
Patrick H. Peluso
WOODROW & PELUSO, LLC
3900 E. Mexico Avenue
Suite 300
Denver, CO 80210
Tel (720) 213-0675
Facsimile (303) 927-0809
swoodrow@woodrowpeluso.com


Stefan L. Coleman
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33133
Tel (877) 333-9427
Facsimile (888)498-8946
Law@StefanColeman.com