# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 16-cv-02981-KMT

TECH INSTRUMENTATION, INC., a Colorado corporation,
individually and on behalf of all others similarly situation

    Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

    Defendant.

## JOINT STATUS REPORT

Plaintiff Tech Instrumentation, Inc. ("Plaintiff" or "TII") and Defendant Eurton Electric Company, Inc. ("Defendant" or "Eurton") submit this Joint Status Report, as Ordered by the Court on August 14, 2018. (Dkt. 59.)

**Plaintiff's Position**: This case has been stayed since August 14, 2018, pending the Parties formal mediation. The Parties attended a full-day mediation on November 27, 2018, as scheduled, with third-party neutral Joe Epstein of Conflict Resolution Services. Unfortunately, a settlement was not reached at the mediation. Notwithstanding this, the Parties have continued discussions with the mediator. On December 11, 2018, Mr. Epstein relayed to Defendant that Plaintiff's last offer (communicated at the close of the mediation) would remain open until close of business on December 12, 2018.

In the event Eurton accepts, the Parties will have a settlement. If Eurton rejects the offer, Plaintiff believes it is time to return to the litigation. There is simply no reason to continue allowing Eurton to delay this case.

To conclude this litigation, Plaintiff needs additional information necessary to identify Class members (to date Eurton has provided records for one of three identified repositories). That is, and as the Court is aware, Eurton has three different data sets that can be used to locate Class members—an "accounting database system," which includes a master list of persons with whom it has transacted business, a "potential customer/actual customer spreadsheet," which captures both potential and actual customers who haven't been transferred into the accounting database system, and a "Fax List." (*See* Dkt. 36 at 5-6.) To date, Eurton has only provided the Fax List in discovery, and Plaintiff requires the other two data sets to sufficiently craft an accurate Class notice plan.

Given that this information has been requested repeatedly, the deadline for its production by Defendant should be set no later than January 4, 2019. While Eurton claims it will meet and confer in good faith on this issue, that strikes Plaintiff as being disingenuous—Plaintiff has repeatedly requested this information only to be told Eurton is "working on it." For Eurton to claim now that it intends on meeting and conferring in good faith demonstrates a lack of good faith up to this point. Put simply, further delays are undeserved and unnecessary. Once the necessary data is produced, Plaintiff proposes that its proposed notice plan be due 30 days following receipt of the necessary information.

Following the dissemination of notice, the Class members should have an opportunity to request exclusion. After the period for opting out closes, the Parties should proceed with any

dispositive motions. Eurton indicates below that it desires "class discovery," but this is confusing given that the Court already certified the Class. To the extent Eurton desires discovery in a belated attempt to seek decertification of the Class, that effort should be rejected. If Eurton has a basis for moving to decertify the Class, it should present a motion. Eurton shouldn't be allowed to re-open class discovery so that it can engage in a fishing expedition.

**Defendant's Position**: Defendant and its counsel appeared for mediation with Joe Epstein of Conflict Resolution Services on November 26, 2018. However, only Plaintiff's counsel was present at this mediation. Defendant has been and continues to engage in good faith settlement discussions with Plaintiff in an attempt to determine if this matter may be informally resolved.

While settlement discussions are still ongoing, it is Defendant's intent to file a motion for summary judgment and a possible motion for decertification either all or part of the class. Therefore, Defendant requests that the due date for the notice plan to be due at least 60 days from today's date. Moreover, Defendant believes that the trial must be set out at least 7 months in order to allow for adequate time for class discovery to be completed and dispositive motions to be filed.

Lastly, as for Plaintiff's contentions regarding the alleged need for the "accounting database system" and the "potential customer/actual customer spreadsheet," Defendant will in good faith meet and confer with Plaintiff on these issues.

| | |
|---|---|
| /s/ Theodore E. Bacon<br>Theodore E. Bacon<br>Jacob M. Clark<br>ALVARADOSMITH, APC<br>633 W. Fifth Street, Suite 1100<br>Los Angeles, California 90071<br>Tel: (213) 229-2400<br>Fax: (213) 229-2499<br>tbacon@AlvaradoSmith.com<br>jclark@AlvaradoSmith.com<br>Attorneys for Defendant Eurton Electric Company, Inc. | /s/ Steven L. Woodrow<br>Steven L. Woodrow<br>Patrick H. Peluso<br>WOODROW & PELUSO, LLC<br>3900 E. Mexico Avenue, Suite 300<br>Denver, CO 80210<br>Tel (720) 213-0675<br>Facsimile (303) 927-0809<br>swoodrow@woodrowpeluso.com<br>ppeluso@woodrowpeluso.com<br>Attorneys for Plaintiff Tech Instrumentation, Inc. |

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 11, 2018, I caused the foregoing to be filed with the Court using the Court's electronic filing system.

                /s/ Steven L. Woodrow