# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv- 02981

TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

        Defendant.

## MOTION FOR APPROVAL OF PLAINTIFF'S
## PROPOSED PLAN FOR DISSEMINATING NOTICE TO THE CLASS

**I.    Introduction**

On May 29, 2018, the Court granted certification under Federal Rule of Civil Procedure 23 to the following Class:

> Any person/entity who: (1) received a cold call from Eurton pursuant to its three-step procedure; and (2) is listed on a list prepared by Eurton and supplied to WestFax; and (3) received one or more faxes sent by Eurton or WestFax between December 16, 2013 through the date notice is sent to the Class.

(Dkt. 47.)

Counsel for Plaintiff Tech Instrumentation, Inc. ("TII" or "Plaintiff") has consulted with proposed class action administrators and Plaintiff proposes the following plan for notifying the Class.

**II.    Proposed Notice Plan**

Eurton has provided its customer list to Plaintiff's counsel, which contains names and addresses of businesses to whom it may have sent a fax.

As the Court is aware, due process requires that the Class be provided "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Such safeguards ensure that notice to the class complies with both Rule 23 and the demands of due process. *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010). Adherence to these standards does not require that every individual class member receive *actual* notice—due process mandates only that the notice be "reasonably calculated under the circumstances to apprise [class members] of the pendency of the class action and give [them] a chance to be heard." *Ross v. Trex Co., Inc.*, No. 09-CV-00670, 2013 WL 791229, at *1 (N.D. Cal. Mar. 4, 2013). A notice plan that reaches at least 70% of the class is reasonable. FEDERAL JUDICIAL CENTER, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010).

As for content, a class notice is satisfactory it explains "in easily understood language: (1) the nature of the action; (2) the class definition; (3) the claims, issues, and defenses; (4) that a class member may enter an appearance through their own attorney; (5) that class members may request exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment." *Kennett v. Bayada Home Health Care, Inc.*, No. 14-CV-02005-CMA-MJW, 2018 WL 3145400, at *6 (D. Colo. June 27, 2018); *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11:53 at 167 (4th ed. 2002) (notice is "adequate if it may be understood by the average class member.").

Using these principles as a guide, Plaintiff proposes the following plan for notice, which

includes direct mail notice and a settlement website.

### A. Direct mail notice

In this case, because Eurton has addresses for businesses on its customer list, notice via direct mail, following a search for any updated addresses, is most appropriate under the circumstances. Here, a postcard summary notice should be mailed to all class members. Proposed postcards are attached hereto as Exhibit A. The summary postcards generally describe the nature of the action and the claims together with the Class definitions. All other required information appears on the postcards as well.

Plaintiff proposes that such direct mail notice be disseminated to the Class within sixty (60) days of an Order approving this notice plan. Plaintiff future proposes that members of the Class have 60 days from the date notice is dissimilated to request exclusion.

### B. The Class Website

The postcards represent just a summary, however. That is, each postcard also notifies the recipient to visit a website for the lawsuit ("Case Website") where Class Members can access a traditional "long form" notice as well as other important information about the case, such as the deadline for opting-out of the lawsuit. The website will also host important case documents like the Order granting class certification and will provide contact information for Class Counsel. The Parties can meet-and-confer about the specific content of the Case Website before it goes live.

### C. Class Administrator

Plaintiff's counsel has received bids for disseminating the proposed notice plan from administrators with extensive experience administering class action cases and settlements. Plaintiff awaits the receipt of additional bids and asks that the Court grant Plaintiff's counsel

authority to select an administrator after the final receipt of all bids to disseminate notice in accordance with the plan submitted.

**III.   Conclusion**

Eurton has names and addresses for its customer list to whom direct mail notice should be sent. Combined with a Class Website, the proposed Notice Plan is calculated to apprise the Class Members of these proceedings and their rights, comports with due process, and should receive the Court's approval.

**WHEREFORE**, the Plaintiff, TII, respectfully requests that the Court adopt the instant Notice Plan, require that notice be disseminated to the Class and subclass within 60 days of its Order, and award such additional relief as it deems necessary and just.

*          *          *          *          *          *

Dated: March 4, 2019                              Respectfully submitted,

**TECH INSTRUMENTATION INC.**, individually
and on behalf of all others similarly situated,


By: /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 4th day of March, 2019 to all counsel of record.

<u>/s/ Patrick H. Peluso</u>