IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: <u>1:16-cv- 02981</u>

TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

        Defendant.

**PLAINTIFF' REPLY IN SUPPORT OF MOTION FOR APPROVAL OF
PROPOSED PLAN FOR DISSEMINATING NOTICE TO THE CLASS (DKT. 65)**

        Plaintiff Tech Instrumentation, Inc. ("Plaintiff" or "TII") submits this reply in support of its proposed plan for disseminating notice to the Class, which Plaintiff asks the Court to approve.

**I.**       **Eurton's Objections to the Proposed Notice Documents**

        In its Opposition to Plaintiff's Motion for Approval of Proposed Plan for Disseminating Notice to the Class (Dkt. 66), Eurton has provided its own proposed postcard notice. (*See* Dkt. 66, Ex. 1.) As an initial matter, Plaintiff agrees with two of Eurton's proposed changes to Plaintiff's proposed postcard: (1) to correct a scrivener's error in Plaintiff's proposed postcard which incorrectly listed December 13, 2013 as the start of the Class period (Eurton correctly points out that this date should be December 16, 2013); and (2) to include a sentence stating "PLEASE READ THIS NOTICE IMMEDIATELY TO KNOW YOUR RIGHTS!".

        Other than these two changes, however, Plaintiff does not agree that its proposed postcard notice requires additional editing to encourage readership and explain Class Members'

rights. As Plaintiff explained in its Motion, a class notice is satisfactory it explains "in easily understood language: (1) the nature of the action; (2) the class definition; (3) the claims, issues, and defenses; (4) that a class member may enter an appearance through their own attorney; (5) that class members may request exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment." *Kennett v. Bayada Home Health Care, Inc.*, No. 14-CV-02005-CMA-MJW, 2018 WL 3145400, at *6 (D. Colo. June 27, 2018); *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11:53 at 167 (4th ed. 2002) (notice is "adequate if it may be understood by the average class member.").

The proposed postcard notice Plaintiff submitted as an exhibit to its Motion accomplishes each of these elements. (*See* Dkt. 65, Ex. A.) Notably, the proposed postcard notice Plaintiff submitted in this case is substantially similar in both content and style to notices that been approved by other courts throughout the country. (*See* "Samples of Previously Approved Postcard Notices," attached hereto as Group Ex. A.) Thus, Plaintiff does not agree with Eurton that any further revisions (other than the two described above) are appropriate.

Moreover, to Defendant's argument that it "has issue that it is presently in the dark as to what the contents and form of the [sic] both the website and the detailed notice" (dkt 66 at 1), Plaintiff stated in its Motion that "[t]he Parties can meet-and-confer about the specific content of the Case Website before it goes live". (Dkt. 65 at 3.) Plaintiff would not publish a website or post a long-form notice to the website that Defendant has not agreed to, and the contents of such documents are fairly standard and rarely controversial. As for a "long-form" detailed notice to be published on the Class website, Plaintiff has drafted such a notice and will work with Defendant's counsel to address any concerns it has with the draft prior to publication. (*See* "Draft Long-Form Notice," attached hereto as Exhibit B.) Similarly, the Class website will be a

2

standard website designed by the Settlement Administrator that will contain the "long form notice" as well as other important information about the case, such as the deadline for opting-out of the lawsuit. The website will also host important case documents like the Order granting class certification, contain a "FAQ" section, and will provide contact information for Class Counsel. An example of a previously-approved website is attached hereto as Exhibit C, but again Plaintiff's counsel will work with Defendant's counsel to address any specific concerns Defendant has prior to the website going live.

As such, the Court should approve Plaintiff's proposed notice plan and corresponding documents and order that notice be disseminated in accordance with the plan.

## II.     Eurton's Customer List Allows for the Best Notice That is Practicable

Plaintiff's proposed notice plan contends that Eurton's customer list should be used because the customer list contains names and addresses of businesses to whom it may have sent a fax. (Dkt. 65 at 3.) Eurton disagrees, essentially arguing that the customer list would be over-inclusive because not everyone on the customer list would have received a fax. (Dkt. 66 at 5-7.) However, Eurton's objection illustrates precisely why the customer list is the best notice that is practicable under the circumstances by stating "Defendant is in possession of fax logs for fax transmission that occurred in 2017, but has not been able to locate any fax logs prior to said transmissions in 2017". (*Id.* at 6.) The Class period begins in December 2013, not 2017, so in order to reach all potential Class Members the customer list is a far superior method to Eurton's fax list for use in disseminating notice to the Class.

The Court should reject Eurton's arguments on this point, which derive from its own failure to maintain sufficient records. Indeed, Eurton's apparent inability to produce fax lists from any period prior to 2017 is the only reason that Plaintiff's proposed notice plan may be

3

over-inclusive. [1] And indeed, there is nothing wrong or harmful in a slightly over-inclusive mailed notice—if it imposes any burden at all, the burden will be placed on Plaintiff's counsel, not Eurton, in the form of a more expensive notice plan.

To be sure, the fact that the customer list may be over-inclusive is hardly fatal to the notice plan Plaintiff has presented. *See, e.g., Macarz v. Transworld Systems, Inc.*, 201 F.R.D. 54, 60 (D. Conn. 2001) (notice plan including individual notice by mail to a list of customers, "25% of whom were most likely not class members" fulfilled Rule 23's notice requirements). Indeed, Eurton's proposed notice plan would be **under-inclusive**, and therefore not reach all Class Members, which is far worse. *See In re Domestic Air Transportation Antitrust Litigation*, 141 F.R.D. 534, 547 (disapproving notice plan class list because it was "not a list of class members [and] there [was] no way to assure that notice to the list would definitely result in notice to a substantial number of class members."). This is not a concern if the customer list is used here— the customer list should include **all** Class Members.

At the end of the day, what matters is that notice be the best "practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Class Counsel is willing to incur the increased cost of sending the notice to the full customer list and fielding inquiries from those consumers who ultimately may not have a claim. However, in order for the Court to meet its responsibility of giving Class Members notice and an opportunity to opt-out before trial, Plaintiff's notice plan is clearly the best practicable and should be approved.

---

[1] *See Arredondo v. Delano Farms Co.,* 301 F.R.D. 493, 545 (E.D. Cal. Feb.21, 2014) ("Class action litigation grows out of systemic failures of administration, policy application, or records management ... to allow that same systemic failure to defeat class certification would undermine the very purpose of class action remedies. We reject Defendants' attacks on administrative feasibility.");

4

### III.     Eurton's Standing Arguments Are Unfounded

Finally, Eurton argues that for claims prior to 2017 (for which is doesn't have records, due to its own failure to maintain records), "there will have to be discovery on this issue of standing and the receipt of a fax by each of the class members". (Dkt. 66. At 6.) Fortunately, this attack as it relates to standing, which if successful would render TCPA class actions a nullity, fundamentally misunderstands the law and may be readily rejected. Put simply, in a class action, "standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007); *accord Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978–79 (9th Cir. 2011); *see also Larson v. Trans Union, LLC*, 201 F.Supp.3d 1103, 1109 (N.D. Cal 2016). Eurton shouldn't be permitted to use its insufficient internal records to manufacture non-existent standing arguments. TII clearly has standing, and a fishing expedition to analyze each individual Class Member's standing is unnecessary—if they received an unsolicited fax in violation of the TCPA, they have standing.

Moreover, given Eurton's failure to maintain adequate records, there is no concern with consumers needing to self-identify as Class Members. *McCrary v. Elations Co., LLC*, No. EDCV 13-00242 JGB OP, 2014 WL 1779243, at *7 (C.D. Cal. Jan. 13, 2014) ("Essentially, Defendant's concern is that class members do not have actual proof that they belong in the class. If Defendant's argument were correct, 'there would be no such thing as a consumer class action.' (citing *Ries v. Arizona Beverages USA LLC,* 287 F.R.D. 523, 535 (N.D. Cal. 2012) (finding ascertainability satisfied where class members were required to self-identify that they purchased iced tea with "natural" on the label during the class period)). The same applies here—when the time comes, Class Members will need to attest to the fact that they received an unsolicited fax from Eurton during the relevant time period. That is more than sufficient.

## IV. Conclusion

For these reasons, Plaintiff, TII, respectfully requests that the Court adopt its proposed Notice Plan, require that notice be disseminated to the Class within 60 days of its Order, and award such additional relief as it deems necessary and just.

           *           *           *           *           *           *

Dated: April 15, 2019                    Respectfully submitted,

                                              **TECH INSTRUMENTATION INC.**, individually and on behalf of all others similarly situated,

                                              By: /s/ Patrick H. Peluso
                                              One of Plaintiff's Attorneys

                                              Steven L. Woodrow
                                              swoodrow@woodrowpeluso.com
                                              Patrick H. Peluso
                                              ppeluso@woodrowpeluso.com
                                              Woodrow & Peluso, LLC
                                              3900 East Mexico Ave., Suite 300
                                              Denver, Colorado 80210
                                              Telephone: (720) 213-0675
                                              Facsimile: (303) 927-0809

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 15th day of April, 2019 to all counsel of record.

/s/ Patrick H. Peluso