IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-02981-MSK-KMT

**TECH INSTRUMENTATION INC.**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**EURTON ELECTRIC CO. INC.**,

    Defendant.

---

# OPINION AND ORDER GRANTING IN PART
# MOTION TO APPROVE CLASS NOTICE

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's ("Tech") Motion to Approve Class Notice **(# 65)**, the Defendant's ("Eutron") response, and Tech's reply **(# 70)**.

According to the Complaint, in 2016, Eutron sent two unsolicited fax transmissions to Tech. Tech alleges that this violated the Junk Fax Protection Act ("JFPA"), 47 U.S.C. § 277. Alleging that Eutron did the same to many others, Tech sought to assert its JFPA claim on behalf of a class of affected persons pursuant to Fed. R. Civ. P. 23. The Court subsequently granted **(# 47)** certification of a class consisting of "any person who: (i) received a cold call from Eutron pursuant to its three-step procedure; and (ii) is listed on a list prepared by Eutron and supplied to WestFax; and (iii) received on or more faxes sent by Eutron or WestFax" between specified dates.

Tech now moves **(# 65)** for approval of a notice to be sent to all class members, advising them of the litigation. Tech proposes that class members be sent notice in the form of a

summary postcard, with full notice posted on a linked website, and that notice be disseminated to Eutron's entire customer list. Eutron opposes the request in certain respects, proposing changes to certain language on the summary postcard; noting that the parties have yet to agree upon a full notice; and contending that notice should be disseminated not based on the customer list, but rather, based on its "fax logs" from 2017 (reflecting faxes actually sent) and for the remaining years of the class period – where no fax logs exist – notice be given only to those on the "fax list" that Eutron maintains, namely, its "running list of entities to send fax advertisements to."

The Court has considered the requirements of Fed. R. Civ. P. 23(c)(2) and the record in this case. The Court agrees that a summary postcard and full notice posted on a website are an adequate means to notify and inform members of the class. The Court finds that the summary postcard proposed by Tech (as modified on the terms set forth in Tech's reply brief) adequately advises class members, with one exception. The Court finds that Eutron's proposed language for the "What Are Your Options?" section more clearly and comprehensibly explain the choices that class members have and how to exercise them, and the Court directs that Tech's proposed summary postcard be modified to substitute Eutron's proposed "Options" section for that proposed by Tech.

The question of to whom the notice is disseminated is more complex. Tech proposes to send notice to all known customers of Eutron. Eutron proposes notice only to those who were known to have been faxed in 2017 and those who are listed on a "fax list" kept by Eutron (but which, by Eutron's own apparent admission, would not include those who received unwanted faxes and asked to be removed from the list). It seems to the Court that the best scope of notice would be bounded by class definition itself: element (ii) of the class definition requires that class members be "listed on a list prepared by Eutron and supplied to WestFax," and thus, notice

should be sent to (and *only* to) the persons on that list. However, it is not clear that a specific list of this type actually exists: the Court's review of Tech's Motion for Class Certification **(# 36)** seems to indicate that WestFax has no such document(s) and that Eutron has deleted any records that it might have that meet this description.[1]

The next best method of ensuring sufficient, but not needlessly overbroad, dissemination to class members might be the procedure identified by Tech in its Motion for Class Certification. There, Tech explained that Eutron has produced three collections of information that "can be used to locate class members": (i) its "accounting database system," that lists all persons and entities (including fax numbers) that have done business with Eutron; (ii) the "potential customer/actual customer spreadsheet" that "captures both potential customers as well as actual customers" (including actual customers who might not have been entered into the accounting database); and (iii) Eutron's "fax list," which Tech concedes "represents a significant portion of the class in this case," but which may be either over-inclusive (because it includes persons who may have expressly authorized Eutron to send fax advertisements) or under-inclusive (because it omits persons who received unsolicited faxes and who contacted Eutron asking to be removed). In its class certification motion, Tech argued that problem of under-inclusiveness of the fax list "poses no problem," because persons removed from the fax list were maintained in the accounting database, allowing Tech to do "a comparison between" the fax list and the other records produced by Eutron to "determine which entities have been removed from the fax list." (Tech notes that this process is "without perfect accuracy," but does not offer any estimation as to the magnitude of potential error.) The problem of over-inclusiveness – the inclusion of

---

[1] It may ultimately be that this element of the class definition must be modified if the list in question does not exist and cannot reliably be reconstructed. The Court need not address that issue at this time, however.

persons who agreed to receive Eutron's fax advertisements – remains, but use of the fax list poses less of an over-inclusiveness concern than does Tech's proposal in the instant motion to disseminate notice to <u>all</u> of Eutron's customers on its customer list(s). Notice sent to the full list of customers is likely to include those who never gave Eutron a fax number at all, and thus never received any fax transmissions, wanted or unwanted. Reliance on the fax list, as augmented by the technique described by Tech to restore deleted entries, thus comes closest to ensuring that notice is set to all persons who might have received faxes (wanted or otherwise) from Eutron.

Accordingly, the Court directs that Tech's notice of this action be sent to the following persons or entities: (i) those listed on Eutron's 2017 fax logs; (ii) those listed on any existing iteration of Eutron's "fax list"; and (iii) those who do not meet either of the first two criteria, but who are noted as having a fax number in either Eutron's accounting database or on its potential customer/actual customer spreadsheet.

The Court further approves of the time frames proposed by Tech for the distribution of notice and for the receipt of any opt-out notices.

Accordingly, Tech's Motion for Approval of Class Notice **(# 65)** is **GRANTED IN PART** and **DENIED IN PART**. Tech shall distribute notice to the class members on the terms set forth herein.

Dated this 13th day of September, 2019.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge