# GROUP EXHIBIT B



**Patrick Peluso &lt;ppeluso@woodrowpeluso.com&gt;**

## Eurton Electric

**Ted Bacon** &lt;tbacon@alvaradosmith.com&gt;  Wed, Nov 14, 2018 at 3:50 PM
To: Patrick Peluso &lt;ppeluso@woodrowpeluso.com&gt;, "Jacob M. Clark" &lt;jclark@alvaradosmith.com&gt;

The list was accurate at the time and client does not do faxes anymore, so it is current. But even with

**THEODORE E. BACON**

EQUITY SHAREHOLDER

235 Pine Street

Suite 1150

San Francisco, CA 94104

Phone: 415.624.8665

tbacon@alvaradosmith.com



NOTICE OF STRICT CONFIDENTIALITY. This transmission constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message, together with any attachments. This communication, including its attachments, may contain confidential and privileged material for the sole use of the intended individual or entity recipient, and receipt by any party other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender immediately by telephone or by return Email, and delete this message along with any attachments from your computer.

**WOODROW&PELUSO**

**Patrick Peluso** <ppeluso@woodrowpeluso.com>

---

### TII v. Eurton

**Patrick Peluso** <ppeluso@woodrowpeluso.com>                                  Fri, Dec 14, 2018 at 10:47 AM
To: Ted Bacon <tbacon@alvaradosmith.com>

Ted,

Thanks for your time this morning. As discussed, you're going to check with your client about the existence of other lists that can used to identify class members and get back to me before the end of the year. As we explained in our class cert brief, our understanding from John's deposition is that Eurton has 2 other lists in addition to the Fax List that was produced in discovery--an "accounting database" and a "prospective/actual customer list". The reason we want those lists, if they exist (again, we have been assuming they exist based on John's depo testimony), is to make sure we have a complete class list before submitting our notice plan, and our understanding has been that while the Fax List identifies most of the class, there may be some companies that used to be on the Fax List but were removed at some point, and that we'd be able to identify those folks by comparing the Fax List to the other 2 lists. Here's what we wrote in our class cert brief, which explains this in detail:

While it only produced the latest iteration of its "Fax list" in discovery, Eurton has actually has three different data sets that can be used to locate Class members. First, Eurton has an "accounting database system," that includes a master list of persons with whom it has transacted business. (Eurton Depo. Tr. 102:12-13.) This list contains not only fax numbers, but also names, addresses, and sales. (Eurton Depo. Tr. 102:5-11.) The accounting database system is incomplete, however, because there are several entities with whom Eurton has transacted business with once or twice that don't make it into the accounting database system.

   Rather, customers and potential customers that haven't been entered yet into the accounting database system (and many who have been) are tracked on a second list, referred to as the potential customer/actual customer spreadsheet. (Eurton Depo. Tr. 102:14-18.) This spreadsheet captures both potential customers as well as actual customers (both those who've only had minimal sales and haven't been transferred yet into the accounting database system as well as those who've transacted substantial business with Eurton).

   The third data set is Eurton's "Fax list"—the spreadsheet produced in discovery of the persons Eurton has faxed. This list consists only of fax numbers but represents a significant portion of the Class in this case. Indeed, everyone on the list received the same faxes after supposedly providing permission or invitation to be called in the same way.

. . . determining which entities were on the fax list but then were subsequently deleted poses no problem. This is because when Eurton would remove a fax number from the fax list that would

not "delete the entry in the database for that company...." Rather, "They're just no longer on the fax list." (Eurton Depo. Tr. 95:4-8; 113:10-17.) As such, a comparison can be done between the fax list and both the accounting database system and the potential customer/actual customer spreadsheet and determine which entities have been removed from the fax list, albeit without perfect accuracy. (Eurton Depo. Tr. 95:13-18.)

[Quoted text hidden]

**Patrick Peluso <ppeluso@woodrowpeluso.com>**

## Tech v. Eurton

**Patrick Peluso** <ppeluso@woodrowpeluso.com>  Mon, Feb 11, 2019 at 9:34 AM
To: Ted Bacon <tbacon@alvaradosmith.com>

Ted,

Thanks. After looking over what you've sent, the problem is there's no fax numbers on the list. Is that a data point your client has?

[Quoted text hidden]
[Quoted text hidden]



**Patrick Peluso <ppeluso@woodrowpeluso.com>**

## Tech v. Eurton

**Ted Bacon** <tbacon@alvaradosmith.com>  Tue, Feb 19, 2019 at 11:10 AM
To: Patrick Peluso <ppeluso@woodrowpeluso.com>

The fax info for those who get the faxes is on a separate list—the one we previously provided. He does not have faxes for many or most of the clients on the list I just provided—only those he sends faxes to, which are all on the prior list.

**THEODORE E. BACON**

EQUITY SHAREHOLDER

235 Pine Street

Suite 1150

San Francisco, CA 94104

Phone: 415.624.8665

tbacon@alvaradosmith.com



NOTICE OF STRICT CONFIDENTIALITY. This transmission constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message, together with any attachments. This communication, including its attachments, may contain confidential and privileged material for the sole use of the intended individual or entity recipient, and receipt by any party other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender immediately by telephone or by return Email, and delete this message along with any attachments from your computer.

**From:** Patrick Peluso [mailto:ppeluso@woodrowpeluso.com]
**Sent:** Monday, February 11, 2019 8:35 AM
**To:** Ted Bacon
**Subject:** Re: Tech v. Eurton

Ted,

[Quoted text hidden]
[Quoted text hidden]