**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:  1:16-cv- 02981**

**TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf
of all others similarly situated,**

   **Plaintiff,**

**v.**

**EURTON ELECTRIC COMPANY, INC., a California corporation**

   **Defendant.**

---

**MOTION TO STRIKE ERRATA AND TO DECLARE DISCOVERY CLOSED**

---

## <u>LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL</u>

Undersigned counsel conferred with counsel for Eurton regarding the relief requested in this Motion. Eurton opposes the relief sought.

## I.      Introduction

This case was filed on December 6, 2016. (Dkt. 1.) At this stage, a class has been certified and two rounds of notice have been sent to class members. The only steps left in this four-year-old case should be to set a deadline for summary judgment briefing, pre-trial, and trial. However, Defendant Eurton Electric Company, Inc. ("Defendant" or "Eurton") appears to believe the case is still in its early stages. That is, on July 11, 2020, Eurton sent via email an errata to Eurton's 30(b)(6) designee's deposition transcript—**a deposition that occurred on September 12, 2017.** (*See* Errata, attached hereto as Exhibit A.) Additionally, on September 11, 2020, Eurton served its second set of discovery requests to Plaintiff. (*See* Second Set of Discovery Requests, attached hereto as Exhibit B.)

As explained further below, Eurton's desire to re-litigate the case at this late stage should be stopped, its errata should be stricken, and discovery should be declared closed.

## II.     Procedural Background

As stated above, this case was filed on December 6, 2016. (Dkt. 1.) On January 27, 2017, the Court entered an Order setting a scheduling conference for March 1, 2017. (Dkt. 13.) On March 1, 2017, the Court issued a scheduling order which set discovery cut-off dates as follows: (1) July 25, 217 for class certification discovery, (2) motion for class certification due by August 8, 2017, and (3) merits discovery as to the named plaintiff to be completed by October 2, 2017. (Dkt. 25.)

1

On June 8, 2017, the Court denied a stipulation to continue the discovery cutoff dates and stated:

> On March 1, 2017, the Court issued a Scheduling Order in which numerous dates were set after lengthy conferral with counsel. Tech Instrumentation thereafter served its first sets of Requests for Production of Documents and Special Interrogatories on Eurton Electric with a production date of April 28, 2017. Eurton promptly requested two extensions of the deadlines to respond. No reason for such requests was provided to the court. The Scheduling Order is not a frivolous document. The court will not completely overhaul a detailed class action Scheduling Order simply because a party decides – right out of the gate – to abrogate its obligations under the Federal Rules of Civil Procedure. Tech Instrumentation did not agree to any extension beyond June 2, 2017 and therefore Eurton Electric should have completely responded on or before that date. Failure to timely respond to discovery is subject to substantial and serious sanctions under Fed. R. Civ. P. 37.

(Dkt. 30.) On August 3, 2017, the Court granted Plaintiff's Motion to extend deadlines to complete discovery, and set the following deadlines: "Class Certification Discovery is 10/23/17; Motion for Class Certification shall be filed no later than 11/6/17; Merits Discovery Cut-Off as to named Plaintiff is 1/3/18". (Dkt. 34.)

In accordance with the August 3, 2017 Order, Plaintiff moved for class certification on November 6, 2017. (Dkt. 36.) On May 29, 2018, the Court certified the Class. (Dkt. 47.) On June 11, 2018, the Parties submitted a joint proposed scheduling order in which they jointly proposed the following dates: (1) September 20, 2018 to disseminate Notice to the Class; (2) October 16, 2018 to designate experts; (3) December 14, 2018 for the discovery cut-off. (Dkt. 52.)

On June 16, 2018, the Court set a deadline of August 17, 2018 to submit a proposed notice plan, and stated that the discovery deadlines were "to be determined after ruling on notice issues." (Dkt. 55.)

Subsequently, on August 8, 2018, the Parties requested that the case deadlines be stayed pending mediation. (Dkt. 56.) The Court granted this requested (dkt. 63), and the case was unsuccessfully mediated on November 27, 2018.

On December 11, 2018, the Parties submitted a joint status report, in which Plaintiff stated:

> This case has been stayed since August 14, 2018, pending the Parties (sic) formal mediation. The Parties attended a full-day mediation on November 27, 2018, as scheduled, with third-party neutral Joe Epstein of Conflict Resolution Services. Unfortunately, a settlement was not reached at the mediation. Notwithstanding this, the Parties have continued discussions with the mediator. On December 11, 2018, Mr. Epstein relayed to Defendant that Plaintiff's last offer (communicated at the close of the mediation) would remain open until close of business on December 12, 2018.

> In the event Eurton accepts, the Parties will have a settlement. If Eurton rejects the offer, Plaintiff believes it is time to return to the litigation. There is simply no reason to continue allowing Eurton to delay this case.

> To conclude this litigation, Plaintiff needs additional information necessary to identify Class members (to date Eurton has provided records for one of three identified repositories). That is, and as the Court is aware, Eurton has three different data sets that can be used to locate Class members . . .Plaintiff requests the other two data sets to sufficiently craft an accurate Class notice plan. . .

> Following the dissemination of notice, the Class members should have an opportunity to request exclusion. After the period for opting out closes, the Parties should proceed with any dispositive motions. Eurton indicates below that it desires "class discovery," but this is confusing given that the Court already certified the Class. To the extent Eurton desires discovery in a belated attempt to seek decertification of the Class, that effort should be rejected. If Eurton has a basis for moving to decertify the Class, it should present a motion. Eurton shouldn't be allowed to re-open class discovery so that it can engage in a fishing expedition.

(Dkt. 60.) The Court held a status conference on January 4, 2019 and ordered "Defendant to provide Plaintiff with the names, addresses, business number, fax number, and email information from the Accounting database system and Customer list under Protective Order by February 4,

2019. Parties shall submit class Notice to the court for approval by March 4, 2019. Counsel to file a status report to advise the court of further scheduling needs by June 4, 2019." (Dkt. 64.)

On March 4, 2019, Plaintiff filed its motion to approve notice plan. (Dkt. 65.) This motion was granted in part and denied in part on September 13, 2019 (dkt. 72). On December 12, 2019, the Court granted the Parties' Joint Motion for Extension of Time to Disseminate Class Notice (dkt. 76) and ordered that Notice be disseminated by January 30, 2020.

In accordance with the Court's December 12, 2019 Order, Class Counsel worked with the class action administrator RG2 Claims to disseminate notice to the Class in accordance to the Court's September 13, 2019 Order regarding the proposed notice plan. This included the creation of a static website, www.rg2claims.com/eurtonelectric, which contains important case documents and a copy of the long form notice approved by the Court. The short form notice approved by the Court was also disseminated by the administrator via U.S. mail. The website went live and the short form notices were mailed by the January 30, 2020 deadline established by the Court.

As explained in detail in Plaintiff's motion for leave to disseminate a second round of notice, a (very) late production of additional class members by Eurton on February 28, 2020 necessitated a second round of notice. (*See* Dkt. 86.) The request for a second round of notice was granted on April 28, 2020 (dkt. 87) and notice was sent to the newly-disclosed Class members by the Court's deadline.

Since that time, Eurton has begun to re-litigate the case. On June 10, 2020, Eurton served a "Second Set of Supplemental Disclosures," (attached hereto as Exhibit C) which really are changes to its answers to the interrogatories served by Plaintiff in April 2017. Similarly, on July

8, 2020, Eurton served a "Third Set of Supplemental Disclosures" which amended its 26(a)(1)

disclosures served years earlier. (*See* attached Exhibit D.) Eurton served a similar amendment on

July 30, 2020. (Attached hereto as Exhibit E.)

Also on July 30, 2020, Eurton served an errata to the transcript of a deposition that

occurred on September 12, 2017. (*See* Ex. A.) Finally, on September 11, 2020 Eurton served a

second set of discovery requests (the first set was served on November 28, 2017). (*See* Ex. B.)

As explained below, the Court should strike the errata and declare discovery closed.

**III.    Argument**

**1.    The Court should strike the late errata**

Rule 30(e)(1) of the Federal Rules of Civil Procedure provides that **within 30 days of**

**when a deposition transcript is available**, the deponent may sign a statement listing the

"changes in form or substance," and the reasons for making them. Fed. R. Civ. P. 30(e)(1). The

Tenth Circuit takes a restrictive approach to interpreting the Rule, and "takes a dim view of

substantive alteration of deposition testimony." *BancFirst ex rel. Estate of M.J.H. v. Ford Motor*

*Co.*, 422 F. App'x 663, 666 (10th Cir. 2011). Indeed, the Tenth Circuit rejected the notion that

Rule 30(e) allows a witness to change what was said under oath. *Garcia v. Pueblo Country Club*,

299 F.3d 1233, 1242 (10th Cir. 2002). Otherwise, "one could merely answer the questions with

no thought at all then return home and plan artful responses. Depositions differ from

interrogatories in that regard. A deposition is not a take home examination." *Id.* at 1242 n.5

(quoting *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)).

Here, Eurton's Rule 30(b)(6) designee was deposed on September 12, 2017. It served its

errata on July 11, 2020, which was 1,033 days after the deposition occurred. It goes without

saying that Eurton has therefore blown the 30-day deadline provided by Rule 30(e)(1). It missed it by a matter of years, not days. The errata should therefore be stricken. Eurton should be allowed to change deposition testimony years after the fact.

**2.      Discovery should be declared closed.**

As explained in detail above, the case is close to the finish line. As Plaintiff stated on December 11, 2018, "[a]fter the period for opting out closes, the Parties should proceed with any dispositive motions. Eurton indicates below that it desires "class discovery," but this is confusing given that the Court already certified the Class. To the extent Eurton desires discovery in a belated attempt to seek decertification of the Class, that effort should be rejected. If Eurton has a basis for moving to decertify the Class, it should present a motion. Eurton shouldn't be allowed to re-open class discovery so that it can engage in a fishing expedition." (Dkt. 60.) Yet it's now September 2020 and Eurton believes it's entitled to serve a new round of discovery requests, almost 3 years after it served its first request.

Simply put, Eurton has dragged this case on long enough. Discovery should be declared closed, and the Court should set a deadline for dispositive motions, pre-trial, and trial.

**IV.      Conclusion**

Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding". Allowing Eurton to re-open discovery and rewrite years-old deposition testimony flies in the face of Rule 1. Thus, Plaintiff's Motion should be granted and the Court should grant such additional relief as it deems just and appropriate.

Respectfully submitted,

Date: September 18, 2020                    TECH INSTRUMENTATION, INC.


/s/ Patrick H. Peluso
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico, Ave. Suite 300
Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I, Patrick H. Peluso, an attorney, hereby certify that on September 18, 2020, I served the

above and foregoing papers by causing a true and accurate copy of such papers to be filed with

the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF electronic

filing system.


       /s/ Patrick H. Peluso