# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  **1:16-cv- 02981**

**TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,**

    Plaintiff,

v.

**EURTON ELECTRIC COMPANY, INC., a California corporation**

    Defendant.

---

# REPLY IN SUPPORT OF
# MOTION TO STRIKE ERRATA AND TO DECLARE DISCOVERY CLOSED

**I.      Introduction**

Defendant Eurton Electric Company, Inc. ("Defendant" or "Eurton") was entitled to start conducting discovery in this action in March 2017 when the Court issued its initial scheduling order. Over 3 years later, Eurton has served a new set of discovery requests and noticed Plaintiff's deposition. Eurton has also served a deposition errata **1,033 days** after the Rule 30(b)(6) deposition occurred.

The simple truth is that Eurton waited years to initiate discovery that it believes is relevant to defenses it intends to assert in this case. The Court certainly did not contemplate a forty-three (43) month discovery period when it issued its scheduling order, and no one but Eurton is responsible for its complacence and failure to timely pursue discovery. Likewise, Eurton waited years (not days, weeks, or months) to serve an errata sheet to its deposition testimony despite the Federal Rules providing a 30-day timeframe to do so. Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding". Allowing Eurton to propound new discovery requests years after discovery opened and to rewrite years-old deposition testimony flies in the face of Rule 1. Plaintiff's Motion should be granted, the errata should be stricken, and discovery should be declared closed.

**I.      The Errata Should Be Stricken**

Eurton does not dispute that Rule 30(e) requires that changes to a deposition on an errata sheet must be provided within 30 days. (Dkt. 91 at 3.) Instead, it cites to authority for the proposition that the Court has discretion to "forgiv[e] minor untimeliness after the fact." (*Id.* at

1

4.) But this is not minor untimeliness. Eurton's errata sheet was served on July 11, 2020—**the deposition occurred on September 12, 2017**. This is not a case where a defendant missed a deadline by mere days or weeks. The errata is egregiously late and should be stricken on that basis alone. If an errata sheet served 1,003 days late is permitted, Rule 30(e)'s 30-day deadline is meaningless.

Eurton contends that, despite the significant delay, the errata should stand because the deponent was "clearly confused". (Dkt. 91 at 6.) But this is not the standard. As the Tenth Circuit has stated:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002) (citing *Greenway v. International Paper Co.,* 144 F.R.D. 322, 325 (W.D. La. 1992)). This is precisely the case here. This is not a situation where the court reporter made a scrivener's error or misspelled a name. Rather, in a last-ditch effort to conjure up some defenses in this case, Eurton has decided to materially alter deposition testimony years after the fact. Eurton essentially admits this, saying "Mr. Buchanan's confusion only because apparent after new defense counsel worked with him to develop evidence of consent for Eurton's decertification motion." (Dkt. 91 at 4.) But that is not permissible under the Federal Rules. Litigants do not get to re-write deposition testimony years

2

after the deposition so that they can pigeonhole the testimony into a newly-developed defense theory.[1] The Court should grant Plaintiff's Motion and strike the errata.

## II.     Discovery Should Be Declared Closed

Pivoting to Plaintiff's motion that discovery be declared closed, Eurton first disputes that its supplemental disclosures are untimely because "[u]ntil the class members were identified, Eurton was in no position to develop evidence in support of decertification . . . [t]he persons to receive class notice were not finalized until June 1, 2020." (Dkt. 91 at 7.) This is a remarkable statement, given that the class list was entirely in Eurton's possession, custody, and control throughout this litigation—that is, the persons who received class notice were the persons who appeared in Eurton's own database. As the Court will recall, a status conference was held on January 4, 2019 after which the Court ordered "Defendant to provide Plaintiff with the names, addresses, business number, fax number, and email information from the Accounting database system and Customer list under Protective Order by February 4, 2019. Parties shall submit class Notice to the court for approval by March 4, 2019." (Dkt. 64.) Thus, Eurton wasn't provided the class list in June 1, 2020—it was actually the one with the obligation to produce the class list to Plaintiff over a year earlier.[2]

---

[1] Notably, Eurton failed to raise this so-called "confusion" when the parties were briefing Plaintiff's motion for class certification. Eurton's response brief was filed on November 27, 2017 and the Class was certified on May 29, 2018. Yet Eurton waited until July 2020 to serve its errata and until September 30, 2020 to move to decertify the class, making arguments that could have been raised in November 2017, responded to by Plaintiff in December 2017, and addressed by the Court in 2018.

[2] Moreover, as will be explained in Plaintiff's forthcoming response in opposition to Eurton's decertification motion, this is not a case where there were changes in the factual record that warrant a motion to decertify. In reality, at the certification stage Eurton had full access to the evidence it now seeks to use to decertify the Class and simply chose not to raise it. This is not a

Finally, Eurton contends that discovery should remain open because apparently "there are several defenses" that it has failed to pursue. (Dkt. 91 at 9.) Eurton cites to a December 9, 2019 FCC ruling as the basis of a defense it should be entitled to pursue (*id.*), but fails to explain why it waited until September 11, 2020 to serve discovery aimed at the issue. Likewise, Eurton claims that there is a possible defense if Plaintiff provided its fax number on a directory (dkt. 91 at 10), but fails to explain why it did not serve timely discovery on this supposed defense when discovery was opened in 2017.³ Eurton had more than enough time to obtain any necessary discovery and to depose Plaintiff, but not chose not to until almost 4 years after the case was filed. If Eurton lacks evidence to prove any of its defenses, it is no one's fault but Eurton's.

The Court should decline to reward Eurton for its delay. *See Arch Ins. Co. v. Vas Aero Servs., LLC*, 2018 WL 1770553, at *5-6 (S.D. Fla. Apr. 12, 2018) ("It is clear that Defendants have been dilatory in seeking discovery and now improperly seek to delay this case further . . .This is not how the discovery process is supposed to operate"); *Coyotecatl v. Grand Rest. Grp.*, No. 14CV4799KAMCLP, 2016 WL 11472226, at *4 (E.D.N.Y. May 13, 2016) ("the claim that there are additional documents that need to be produced or interrogatory responses that need to be supplemented continues to delay discovery in this case, prevents trial from being scheduled, and delays resolution of the pending motion for default judgment. Accordingly, the Court finds that the Appearing Defendants have not established any need for further discovery in this matter, and declares discovery closed."); *Equal Employment Opportunity Comm'n v. BOK Fin. Corp.*,

---

sufficient basis to decertify a Class after two rounds of notice have been disseminated to Class Members.

³ Though Plaintiff does not address the substance of these supposed defenses in this Reply, they are meritless.

4

No. CV 11-1132 RB/LFG, 2012 WL 13070056, at *1 (D.N.M. Dec. 17, 2012) ("Courts have an obligation to effectively and efficiently manage their docket to ensure that cases are processed efficiently, expeditiously and economically."); "Civil Justice Reform Act of 1990," 28 U.S.C. 471, et seq. ("There shall be implemented by each United States District Court ... a civil justice expense and delay reduction plan.... The purposes of each plan are to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy and inexpensive resolution of civil disputes.").

Eurton had ample opportunity to pursue discovery related to any defense it wished to assert. It declined to do so for years. Plaintiff should not be required to incur the expense of responding to these late requests, to sit for a deposition at this late stage, to evaluate brand-new evidence produced by Eurton in the form of untimely supplemental disclosures, or to test brand-new theories proffered by Eurton. The Court should declare discovery closed and set a trial date.

**III.    Conclusion**

Plaintiff respectfully requests that the Court grant its Motion in full and that the Court grant such additional relief as it deems just and appropriate.

Respectfully submitted,

Date: October 16, 2020            TECH INSTRUMENTATION, INC.


/s/ Patrick H. Peluso
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico, Ave. Suite 300

5

Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Class*

6

**CERTIFICATE OF SERVICE**

  I, Patrick H. Peluso, an attorney, hereby certify that on October 16, 2020, I served the above and foregoing papers by causing a true and accurate copy of such papers to be filed with the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

               /s/ Patrick H. Peluso