# Exhibit 2

# Exhibit G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>A-S MEDICATION SOLUTIONS, LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10,<br><br>Defendants. | Case No. 12-cv-05105<br><br>Hon. Joan B. Gottschall<br>Magistrate Judge Sheila M. Finnegan |

**DECLARATION OF VICTORIA SMITH**

1. I have been a medical technician at Riverview Medical Center ("Riverview") for 13 years. My responsibilities as a medical technician involve ordering supplies and medication.

2. Riverview is currently an A-S Medication Solutions, LLC ("A-S") customer and has been an A-S customer for approximately seven (7) years. Riverview purchases medication from A-S about once every two months, and I am the individual responsible for interacting with A-S for making such purchases. I am Riverview's primary contact for communicating with A-S.

3. Prior to purchasing medication from A-S, Riverview purchased medication from Allscripts, LLC ("Allscripts"). I was the individual responsible for interacting with Allscripts to make such purchases. I was Riverview's primary contact for communicating with Allscripts.

4. After A-S purchased Allscripts's pre-packaged medication fulfillment solutions business" (the "Medication Business"), Riverview began purchasing medication from A-S.

1

5. I was aware that Allscripts sold its Medication Business to A-S, and considered A-S to be a continuation of Allscripts's Medication Business because it was the same business, just with a different owner.

6. Fax was my preferred means of communication with Allscripts. Fax has been—and still is—my preferred means of communication with A-S. I consented to receiving faxes from Allscripts and A-S.

7. I do not specifically recall Riverview ever receiving fax advertisements from Allscripts or A-S. However, if Riverview did receive any fax advertisements from Allscripts or A-S, I would have given Allscripts and A-S permission to send Riverview those fax advertisements.

8. Riverview would have no objection to receiving fax advertisements from Allscripts or A-S. In fact, I would find information about the products and prices useful in doing my job.

9. I have never asked Allscripts or A-S to stop sending fax advertisements to Riverview. To my knowledge, no one at Riverview has asked Allscripts or A-S to stop sending fax advertisements.

10. I was contacted by an attorney for A-S in the above-captioned lawsuit. The attorney informed me that she did not represent me or Riverview, and that Riverview's interests might be adverse to the interests of A-S in the above-captioned matter. I was also informed that Riverview may be a member of the putative class in the above-captioned matter. I voluntarily agreed to speak to the attorney and to provide this declaration based on my personal knowledge and experience.

11. This declaration was prepared by an attorney for A-S based on my conversation with her. I have reviewed this declaration for completeness and accuracy.

FURTHER AFFIANT SAYETH NOT

Under the penalties provided by all applicable laws, the undersigned hereby states that the statements in this declaration are true and correct to the best of her belief.

_____    4-28-16
Victoria Smith                     Date

3