# Exhibit 5

# Exhibit J

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and on behalf of similarly situated persons, | |
| Plaintiff, | Case No. 12-cv-05105 |
| v. | Hon. Joan B. Gottschall |
| | Magistrate Judge Sheila M. Finnegan |
| A-S MEDICATION SOLUTIONS, LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10, | |
| Defendants. | |

## AFFIDAVIT OF LINDSEY WILLIAMS

I, Lindsey Williams, being duly sworn and upon oath, could competently testify to the following facts from my personal knowledge and to the best of my recollection:

1. I am, and have been, a director at Stern Cardiovascular Foundation ("Stern"), located in Memphis, Tennessee.

2. I am familiar with a company called Allscripts. Stern first became a customer of Allscripts' electronic medical records in roughly 2001. At the beginning, Allscripts informed us that it would be faxing information about its products. Stern consented to receive Allscripts' product information via fax at the start.

3. On or about May 17, 2007, Stern began purchasing prepackaged medication and related software from Allscripts. At that time I wanted to receive information regarding these products and services, and consented to receive this information via fax.

4. To the best of my recollection, I learned that the division of Allscripts that handled pre-packaged medication dispensing and the related software was sold in summer of 2009 approximately. After the sale, as the primary contact, I wanted to receive information about products and services offered by A-S Medications, including its software.

5. Stern agreed to and consented to receive faxes from Allscripts regarding Allscripts' products and services. I considered the consent that I previously provided to Allscripts extended to A-S Medications.

6. At no time have I ever asked Allscripts or A-S Medication to stop sending faxes. To the best of my knowledge, no one else at Stern has ever asked Allscripts or A-S Medication to stop sending faxes to Stern.

7. I was contacted by an attorney for A-S Medication and asked to provide information relevant to this lawsuit. The attorney for A-S Medication advised me that he represented A-S Medication, and that I did not have to provide him with any information.

8. The attorney for A-S Medication told me that the lawsuit was filed on behalf of a plaintiff and a putative class of others, alleging that A-S Medication sent unsolicited fax advertisements. He told me that Stern could be a member of the putative class in the lawsuit and that A-S Medication's interests could be adverse to Stern's interests.

9. This affidavit was prepared by an attorney for A-S Medication based on my conversation with him. I have reviewed this affidavit for completeness and accuracy.

FURTHER AFFIANT SAYETH NOT

Under penalties provided by all applicable laws, the undersigned hereby states that the statements in this affidavit are true and correct to the best of her belief.

5/4/2016
Date

Lindsey Williams