# Exhibit 6

# Exhibit K

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> A-S MEDICATION SOLUTIONS, LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10, <br><br> Defendants. | Case No. 12-cv-05105 <br><br> Hon. Joan B. Gottschall <br> Magistrate Judge Sheila M. Finnegan |

## AFFIDAVIT OF JEANNINE OLIVER

I, Jeannine Oliver, being duly sworn and upon oath, could competently testify to the following facts from my personal knowledge and to the best of my recollection:

1. I am, and have been, the officer manager of Oliver Family Healthcare ("OFH"), which is located at 5645 LaFayette Road, Indianapolis.

2. I am familiar with a company called Allscripts. OFH first became a customer of Allscripts' electronic medical records in 2003. At the beginning, Allscripts informed us that it would be faxing OFH information about its products.

3. I was the primary contact for communications with Allscripts. I consented to receive Allscripts' product information via fax at the beginning of our business relationship.

4. In 2008, OFH began purchasing prepackaged medication and related software from Allscripts. Prior to these purchases, OFH faxed Greg Oliver's medical license and DEA license to Allscripts. Fax was my preferred means of communication at that time.

5. I learned that the business portion of Allscripts that was responsible for pre-packaged medication dispensing and the related software was sold in 2009. At that time, we were told to use a new tax identification number, when paying for medication products and services. Otherwise this information made no difference to me.

6. After the sale, I wanted to receive information about products and services offered by A-S Medications, including the medication dispensing software. We used this software as part of our family healthcare practice and wanted to use the most up-to-date and functional version of the software.

7. When OFH provided its fax number to Allscripts, it agreed to and consented to receive faxes from Allscripts regarding Allscripts' products and services. I considered the consent that I previously provided to Allscripts extended to A-S Medications as it appeared to me to be a continuation of the same business.

8. At no time have I ever asked Allscripts or A-S Medication to stop sending faxes. To the best of my knowledge, no one else has ever asked Allscripts or A-S Medication to stop sending faxes to OFH.

9. I was contacted by an attorney for A-S Medication and asked to provide information relevant to this lawsuit. The attorney for A-S Medication advised me that he represented A-S Medication, and that I did not have to provide him with any information.

10. The attorney for A-S Medication told me that the lawsuit was filed on behalf of a plaintiff and a putative class of others, alleging that A-S Medication sent unsolicited fax advertisements. He told me that OFH could be a member of the putative class in the lawsuit and that A-S Medication's interests could be adverse to OFH's interests.

11. This affidavit was prepared by an attorney for A-S Medication based on my conversation with him. I have reviewed this affidavit for completeness and accuracy.

FURTHER AFFIANT SAYETH NOT

Under penalties provided by all applicable laws, the undersigned hereby states that the statements in this affidavit are true and correct to the best of her belief.

4-27-16
Date

Jeannine Oliver