IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–02981–MSK–KMT

TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation,

Defendant.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion to Strike Errata and to Declare Discovery Closed" [Doc. No. 88] ("Mot.") filed September 18, 2020. "Defendant's Memorandum of Law in Opposition to Motion to Strike Errata and to Declare Discovery Closed" [Doc. No. 91] ("Resp.") was filed on October 2, 2020, and Plaintiff's Reply [Doc. No. 92] was filed on October 16, 2020.

**BACKGROUND**

Discovery began in this case in March 2017. (Scheduling Order [Doc. No. 25].) On August 3, 2017, this court reconsidered the original discovery deadlines and ordered the following: "Class Certification Discovery is 10/23/17; Motion for Class Certification shall be filed no later than 11/6/17; Merits Discovery Cut-Off as to named Plaintiff is 1/3/18." [Doc. No. 34.] Plaintiff timely moved for class certification which was granted by the District Court on May 29, 2018. [Doc. No. 47.] In a joint status report submitted while the motion for class

certification was pending, the parties proposed that a new discovery cut-off date be set for 180 days subsequent to class certification.[1]  This proposal was not officially ratified by the court. [Doc. No. 46.]  On June 18, 2018, a new Scheduling Order was entered but, no party having requested additional merits discovery, a new discovery deadline was not set.  [Doc. No. 55.]

All proceedings in the case were stayed on August 14, 2018 to allow the parties to engage in mediation.  [Doc. No. 59.]  After mediation failed, no party raised the specter of additional merits discovery.  The parties filed additional status reports and addressed class notice issues. [See Doc. Nos.60, 64, 65, 66, and 71.]  On September 13, 2019, the District Court resolved ongoing class notice issues.  [Doc. No. 72.]  Thereafter, the parties concentrated their efforts on getting appropriate notice to the class, including establishing a website with the Administrator and on January 30, 2020, sending out notice by US Postal Service.  [Mot. at 4.]

On January 27, 2020, Defendant Eurton retained new legal counsel.  [Doc. No. 78.]  It became apparent to Eurton's new counsel that the class list provided to Plaintiff was deficient in that it "did not include the fax numbers relating to section iii of the Court's class notice order." [Resp., Declaration of Stephen A. Watkins, (Doc. No. 91-1) ("Watkins Decl.") at ¶ 4.]  As a result of this problem, the District Court allowed a second round of class notices; those notices were mailed June 12, 2020.  [*Id*. at ¶ 6.]

After failing to seek or otherwise address further merits discovery for approximately <u>two years</u>, on June 10, 2020, Eurton served Plaintiff with its "Second Set

---

[1] Pursuant to this proposal, the discovery cut-off date would have been November 25, 2018.

of Supplemental Disclosures" [Mot., Ex. C],[2] a "Third Set of Supplemental Disclosures" on July 8, 2020 purporting to amend Eurton's Rule 26(a)(1) initial disclosures [*id*., Ex. D], and an additional amendment on July 30, 2020 [*id*., Ex. E].

Beginning in July, 2020, the parties discussed additional merits discovery, including Defendant's desire to depose the corporate plaintiff. [Resp. at 3.] On July 30, 2020, Eurton served an errata related to the transcript associated with the September 12, 2017 Rule 30(b)(6) deposition of Eurton's corporate representative. [Mot., Ex. A.]

On September 11, 2020, Eurton served a second set of discovery requests on Plaintiff[3] [Mot, Ex. B], and on October 1, 2020, Eurton noticed the deposition of the corporate Plaintiff on individual merits issues.[4] [Watkins Decl., Ex. A.] Meanwhile, on September 30, 2020, Eurton filed a motion to decertify the class. That motion is pending.

**ANALYSIS**

*A.    Discovery*

The parties do not disagree that a discovery deadline concerning merits discovery was not reset in this case after the matter was stayed pending mediation attempts. At the time the stay was authorized, the court required that if settlement was unsuccessful, the parties would "advise what deadlines, if any, need to be set." [Doc. No. 59.] Pursuant to that directive, on December 11, 2018, Defendant told the court, "it is Defendant's intent to file a motion for summary judgment and a possible motion for decertification either all

---

[2] Plaintiff claims this exhibit attempts to change the answers to the interrogatories served by Plaintiff in April 2017 and are therefore not actually "supplemental" disclosures under the Federal Rules. [Mot. at 5.]

[3] Plaintiff alleges the first set was served on November 28, 2017. [Mot. at 6.]

[4] The notice was for an October 23, 2020 deposition. The court is unaware if that deposition was taken.

3

or part of the class." [Status Report (Doc. No. 60) at 3.] Defendant further stated, "Defendant believes that the trial must be set out at least 7 months in order to allow for adequate time for *class discovery* to be completed and dispositive motions to be filed." [*Id.* (emphasis added).]

As a result of the failure of mediation and the parties' status report, the court held a status/scheduling conference on January 4, 2019. [Minutes (Doc. No. 64).] The parties discussed and resolved, with the court assistance, certain issues in identification of potential class members. No party asked the court to extend the merits discovery period in the case. [*Id.*]

Since that time no party, up until this motion, has alerted the court that additional merits discovery was necessary, nor did any party ask the court to set a deadline for completion of merits discovery. Therefore, the court finds that merits discovery in this action is and has been closed since January 4, 2019, when the parties failed to ask for additional time to engage in merits discovery. The discovery period will not be re-opened at this time.

Defendant did ask the court to allow further *class discovery* as noted above. On September 30, 2020, however, Defendant filed its motion to decertify the class[5] thus obviating the need for further class discovery.

Therefore, the court finds that all discovery in this case is closed. Defendant Eurton's September 11, 2020 second set of discovery requests and its October 1, 2020 notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) are therefore stricken.

---

[5] Eurton's motion to decertify the class is partially briefed, awaiting only Defendant's reply briefing due on November 20, 2020.

*Errata*

Rule 30(e)(1) of the Federal Rules of Civil Procedure provides that within 30 days of when a deposition transcript is available, the deponent may sign a statement listing the "changes in form or substance," and the reasons for making them. Fed. R. Civ. P. 30(e)(1). While the court acknowledges that several out-of-district decisions have held that the 30 day time table is subject to a court's leniency with respect to minor discrepancies, there is no case cited by Defendants nor found upon the court's independent review where "minor" untimeliness involves a three year delay.

Additionally, the Tenth Circuit takes a restrictive approach to interpreting Rule 30(e), and "take[s] a dim view of substantive alteration of deposition testimony[.]" *BancFirst ex rel. Estate of M.J.H. v. Ford Motor Co.*, 422 F. App'x 663, 666 (10th Cir. 2011). Defendant attempts to characterize revisions to the 2017 transcript as clarifications due to its Rule 30(b)(6) deponent's "confusion." This is fanciful language on the part of Eurton's current counsel. What new counsel for Eurton would like to do is hedge its bets and qualify the company's official responses in ways the deponent did not do during the deposition. The proposed errata corrections were not in the nature of a "clarification." In fact, the original answers of the deponent were clear; the errata revisions make the answers far less clear.

The Tenth Circuit rejected the notion that Rule 30(e)(1) allows a witness to change what was said under oath. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002). Otherwise, "one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not

a take home examination." *Id.* at 1242 n.5 (quoting *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)).

The court finds that the errata submitted as Exhibit A to the Motion is untimely and also legally improper and therefore it shall be stricken.

It is **ORDERED**

Plaintiff's "Motion to Strike Errata and to Declare Discovery Closed" [Doc. No. 88] is **GRANTED**.  The following are **STRICKEN** and of no force and effect in this case.

1. Eurton's Errata Sheet [Doc. No. 88-2];

2. Eurton's September 11, 2020 second set of discovery requests [Doc. No. 88-3];

and

3. Eurton's October 1, 2020 notice of deposition [Doc. No. 91-2].

Dated November 24, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

6