## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: <u>1:16-cv- 02981</u>

TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

Defendant.

---

## NOTICE RE PLAN TO ASCERTAIN CLASS MEMBERS

---

### I.      INTRODUCTION

On September 9, 2021, the Court denied Defendant Eurton Electric Co. Inc.'s ("Defendant" or "Eurton") Motion to Decertify the Class. (Dkt. 102.) In doing so, the Court stated that "[t]he time is ripe for Tech to explain how it will corelate the information it has obtained in order to identify the members of the class who actually received unsolicited faxed advertisements. Tech will make that showing in a notice filed with the Court, supported by such evidence as may be necessary to evaluate the accuracy and efficiency of that method, within 30 days of this Order.". (Dkt. 102 at 21.)  In compliance with the Court's Order, Plaintiff Tech Instrumentation, Inc. ("Plaintiff" or "TII") sets forth how specific members of the Class will be identified.

II.     **ARGUMENT**

As the Court is aware, Eurton failed to maintain records sufficient to identify which businesses on its Fax List received its fax advertisements. But this is not a bar to continued certification of the Class in this case. In fact, decertifying the Class at this stage would simply reward Eurton for failing to maintain records of its unlawful activity. *See Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 254 F. Supp. 3d 1007, 1018 (N.D. Ill. 2017) ("The defendants didn't keep records of their faxing, and the Seventh Circuit has explained that "refusing to certify on th[e] basis [of ascertainability] effectively immunizes defendants from liability because they chose not to maintain records of the relevant transactions."); *see also Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 250 (N.D. Ill. 2014) ("Doing this— or declining to certify a class altogether, as defendants propose—would create an incentive for a person to violate the TCPA on a mass scale and keep no records of its activity, knowing that it could avoid legal responsibility for the full scope of its illegal conduct."); *see also Daniels v. Hollister Co.*, 440 N.J.Super. 359, 113 A.3d 796, 801 (N.J.App.2015) ("Ascertainability ... is particularly misguided when applied to a case where any difficulties encountered in identifying class members are a consequence of a defendant's own acts or omissions.... Allowing a defendant to escape responsibility for its alleged wrongdoing by dint of its particular recordkeeping policies ... is not in harmony with the principles governing class actions.").

Given the reality that Eurton failed to maintain the business records necessary to identify Class members who received one of its fax advertisements, the Court should permit Class members to self-identify. This is not a novel approach. As the *Birchmeier* Court explained, "a court need not ascertain 'absent class members' actual identities ... before a class can be certified... rather, it is enough that the class be ascertain*able*'... with class members to be

2

identified during a claims administration process if the class prevails.'" *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 245 (N.D. Ill. 2014) (quoting *Boundas v. Abercrombie & Fitch Stores, Inc.,* 280 F.R.D. 408, 417 (N.D. Ill. 2012)). Indeed, "[t]here is nothing particularly new in the underlying theory. It is not in its ultimate purpose different than allowing a plaintiff in an overtime case from testifying from memory or his own records where the defendant allegedly kept no records. Any other rule, the Supreme Court has said, would enable the wrongdoer to profit by his wrongdoing at the expense of his victim." *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 254 F. Supp. 3d 1007, n.7, (N.D. Ill. 2017) (quoting *J. Truett Payne Co., Inc. v. Chrysler Motors Corp.*, 451 U.S. 557, 101 S.Ct. 1923, 68 L.Ed.2d 442 (1981)).

The Seventh Circuit in *Mullins v. Direct Digital, LLC*—which this Court cited favorably in its Order denying Eurton's Motion to Decertify—expressly approved of this approach. Specifically, the *Mullins* Court held that:

> [C]ourts applying the heightened ascertainability approach have tended to emphasize that the plaintiff has the burden to satisfy Rule 23 and that the deterrence concern is therefore irrelevant. See, e.g., *Hayes v. Wal–Mart Stores, Inc.,* 725 F.3d 349, 356 (3d Cir.2013) ("Rule 23's requirements that the class be administratively feasible to ascertain and sufficiently numerous to warrant class action treatment cannot be relaxed or adjusted on the basis of Hayes' assertion that Wal–Mart's records are of no help to him."). **With respect, that response begs an important question. Why are affidavits from putative class members deemed *insufficient as a matter of law* to satisfy this burden?** In other words, no one disputes that the plaintiff carries the burden; the decisive question is whether certain evidence is sufficient to meet it. Cf. *Carrera,* 2014 WL 3887938, at *1 (Ambro, J., dissenting from denial of rehearing en banc) ("Even if ... the ability to identify class members is a set piece for Rule 23 to work, how far we go in requiring plaintiffs to prove that ability at the outset is exceptionally important and requires a delicate balancing of interests.").

> If not disputed, self-serving affidavits can support a defendant's motion for summary judgment, for example, and defendants surely will be entitled to a fair opportunity to challenge self-serving affidavits from plaintiffs. We are aware of only one type of case in American law where the testimony of one witness is legally insufficient to prove a fact. See U.S. Const., Art. III, § 3, cl. 1 ("No person shall be convicted of treason unless on the testimony of two witnesses to the same overt act,

or on confession in open court."). There is no good reason to extend that rule to consumer class actions.

> **Given the significant harm caused by immunizing corporate misconduct, we believe a district judge has discretion to allow class members to identify themselves with their own testimony and to establish mechanisms to test those affidavits as needed.**

*Mullins v. Direct Digital, LLC*, 795 F.3d 654, 668–69 (7th Cir. 2015) (emphasis added).

This Court should allow Class members to self-identify in this case. Through Defendant's records, the universe of businesses who may have received one of Eurton's fax advertisements is known—this is the universe that received direct mail notice of this case after the Class was certified. Should the Class prevail on summary judgment or at trial, Class members should be permitted (via a claims process) to submit sworn affidavits that they received one or more of Eurton's fax advertisements along with any other documents in their possession evidencing that a fax advertisement from Eurton was received. If Eurton has records disproving the sworn affidavit, it will have an opportunity to present it at that time. Given the relatively small size of the Class in this case, manageability of this claims process is not an impediment.

This process not only has been cited approvingly by *Mullins* and other courts, it unquestionably satisfies the "objective criteria" requirement for ascertainability. Indeed, if the court "can ascertain the members of the class by reference to objective criteria, then the class is adequately defined." *Edwards*, 2012 WL 4378219, at *4; *see* 5 James Wm. Moore et al., Moore's Federal Practice, ¶ 23.21[1] (3d ed. 2001) ("The identity of class members must be ascertainable by reference to objective criteria."); *see also Abboud v. Agentra, LLC*, No. 3:19-CV-00120-X, 2020 WL 5526557, at *4 (N.D. Tex. Sept. 14, 2020) ("If the potential class members then signed affidavits saying they had never given Agentra permission to solicit them, and Agentra could not offer proof to the contrary, it would objectively give rise to the likelihood that the potential class members did not consent to the call. Similarly, the text class could

provide documentation in the form of a picture of the text message, a record from a cell phone bill, or some other objective proof. Therefore, the class appears objectively ascertainable.").

In sum, should the Class prevail on the merits, the Court should permit Class members to self-identify via sworn affidavits submitted through a claims process that they received a fax advertisement from Eurton during the Class period.

\*          \*          \*          \*          \*          \*

Dated: October 11, 2021                    Respectfully submitted,

                                           **TECH INSTRUMENTATION INC.**, individually
                                           and on behalf of all others similarly situated,


                                           By: /s/ Patrick H. Peluso
                                           One of Plaintiff's Attorneys

                                           Steven L. Woodrow
                                           swoodrow@woodrowpeluso.com
                                           Patrick H. Peluso
                                           ppeluso@woodrowpeluso.com
                                           Woodrow & Peluso, LLC
                                           3900 East Mexico Ave., Suite 300
                                           Denver, Colorado 80210
                                           Telephone: (720) 213-0675
                                           Facsimile: (303) 927-0809

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 11th day of October, 2021 to all counsel of record.

/s/ Patrick H. Peluso