# EXHIBIT 15

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:16-cv- 02981

TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

EURTON ELECTRIC COMPANY, INC., a California corporation

     Defendant.

---

## PLAINTIFF'S NOTICE OF SUBPOENA

---

**To: ALL COUNSEL OF RECORD**

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 45, that Plaintiff will serve a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises* in the form attached hereto, on WestFax, Inc. The subpoena will be sent to a process server on October 12, 2017.

Date: October 2, 2017

               TECH INSTRUMENTATION, INC.

               /s/ Patrick H. Peluso
               Steven L. Woodrow #43140
               swoodrow@woodrowpeluso.com
               Patrick H. Peluso #47642
               ppeluso@woodrowpeluso.com
               WOODROW & PELUSO, LLC
               3900 East Mexico, Ave. Suite 300

Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Alleged Class*

## **CERTIFICATE OF SERVICE**

I, Patrick H. Peluso, an attorney, hereby certify that I served the above and foregoing papers by causing true and accurate copies of such papers to be served on the below attorney(s) via electronic mail on this 2nd day of October 2017:

THEODORE E. BACON
tbacon@alvaradosmith.com
DAVID J. MASUTANI
dmasutani@alvaradosmith.com
AlvaradoSmith
633 W. Fifth Street,
Suite 1100
Los Angeles, CA 90071
Phone: 213.229.2400

/s/  Patrick H. Peluso

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | |
|---|---|
| Tech Instrumentation, Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   16-cv-02981-MSK-KMT |
| Eurton Electric Company, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                       WestFax, Inc.

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Addendum A

| Place: Woodrow & Peluso, LLC, 3900 E Mexico Ave, Ste. 300, Denver, CO 80210 | Date and Time: 10/17/2017, 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/2/2017

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/ Steven L. Woodrow |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
_____ , who issues or requests this subpoena, are:

Steven Woodrow, 3900 E Mexico Ave., Ste. 300, Denver, CO 80210, swoodrow@woodrowpeluso.com, 720.213.0675

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   16-cv-02981-MSK-KMT

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS
## TO WESTFAX, INC.

Please produce the following documents for inspection and copying on or before September 29, 2017.  To the extent that WestFax, Inc. objects to any of the below requests on the basis of privilege, WestFax, Inc. must provide a privilege log and produce any and all non-privileged documents.

1.      All DOCUMENTS sufficient to IDENTIFY the web server logs showing any access or activity by EURTON ELECTRIC from December 6, 2012 through the present.

## DEFINITIONS

1.      "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

2.      "EURTON ELECTRIC" means and refers to a California corporation, Eurton Electric Company, Inc. located at 9920 Painter Avenue, Whittier, California 90605, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

3.      "IDENTIFY" shall mean the following:

    A.      When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

    B.      When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

4.      "WESTFAX," or "YOU," or "YOUR" means and refers to WestFax, Inc., including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates,

subsidiaries, employees, contractors, partners, and joint ventures.

## AFFIDAVIT OF CUSTODIAN OF BUSINESS RECORDS

STATE OF C̲a̲l̲i̲f̲o̲r̲n̲i̲a̲

COUNTY OF O̲R̲a̲n̲g̲e̲      SS

I, B̲a̲r̲r̲y̲ ̲C̲l̲a̲r̲k̲, being first duly sworn, on oath depose and say that:

(1)     I am an authorized custodian of the business records for WestFax, Inc. of Centennial, Colorado and have the authority to certify those records.

(2)     The copy of the records is a true copy of the records provided pursuant to a Subpoena served upon WestFax, Inc. in the above referenced lawsuit. The records were retrieved by personnel of WestFax, Inc., acting under WestFax, Inc.'s direction or control, at or near the time the response to the Subpoena was due.

(3)     The records provided were generated by WestFax Inc.'s proprietary fax broadcasting platform. The platform allows senders to send facsimiles to recipients and creates certain records contemporaneously with the services performed and as a part of WestFax, Inc.'s regular business practice.

(4)     Other documents requested in the Subpoena may have existed but may not have retained as a part of WestFax, Inc.'s regular business practice.

(5)     The proprietary fax broadcasting platform, including revisions and modifications thereto, has been in continuous operation for more than five (5) years. There were no reported problems with the fax broadcasting platform relating to the records and their accuracy produced pursuant to the Subpoena.

_____
Signature of Custodian

B̲a̲r̲r̲y̲ ̲C̲l̲a̲r̲k̲
Name of Custodian (PRINTED)

9̲2̲0̲0̲ ̲E̲ ̲M̲i̲n̲e̲r̲a̲l̲ ̲A̲v̲e̲ ̲S̲t̲e̲2̲7̲5̲
Address

C̲e̲n̲t̲e̲n̲n̲i̲a̲l̲,̲ ̲C̲O̲      8̲0̲1̲1̲2̲
City, State, Zip Code

SUBSCRIBED AND SWORN TO before me this 2̲0̲ day of J̲u̲l̲y̲, 2017.

_____
Notary Public

# JURAT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ORANGE

Subscribed and sworn to (or affirmed) before me on this 20 day of July

20 17 by BARRY Weston Clark

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature                                    (Seal)



VICTOR G. CARDI
Commission No. 2093228
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires JANUARY 8, 2019

---

**OPTIONAL INFORMATION**

DESCRIPTION OF THE ATTACHED DOCUMENT

Affidavit of Custod
(Title or description of attached document)

IAn of Business Records
(Title or description of attached document continued)

Number of Pages 1 Document Date July 20

2017
Additional information

**INSTRUCTIONS**

The wording of all Jurats completed in California after January 1, 2015 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one with does contain the proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

- State and county information must be the state and county where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document with a staple

A new customer has signed up online.

**Customer Name:** Eurton Electric (ACCT-00007810)
**First Name:** John
**Last Name:** Buchanan
**Email:** john@eurtonelectric.com
**Phone:** 562-946-4477
**Fax:** 562-946-0014
**Address Line 1:** 9920 Painter Ave.
**Address Line 2:** P.O. Box 2113
**City:** Santa Fe Springs
**State:** CA
**Zip:** 90670
**How would you like to receive your invoices?:** email
**Billing Contact Name:** Julie

**Scope:** Production

The Customer has agreed to WestFax's Terms and Conditions set forth below effective Wednesday, August 29, 2012

Terms and Conditions

By accepting below "I ACCEPT" Customer AGREES to use Westfax's facsimile platform strictly in accordance with these Terms and Conditions:WestFax's platform enables a Customer to send its messages by facsimile. The Customer agrees to use WestFax's platform strictly in accordance with all federal, state and local laws, rules and regulations, including in particular the Telephone Consumer Protection Act ("TCPA").The Customer is already aware without WestFax's involvement or advice that the TCPA and the FCC state:1. The Customer is the "sender" and WestFax is the "fax broadcaster".2. The Customer will comply and is solely responsible for complying with the TCPA and the FCC's facsimile advertising rules.3. The TCPA and the FCC's rules include but are not limited to these requirementsa. Sending facsimile advertisements only to those recipients the sender has express consent or permission to send to or to recipients the sender has an "established business relations with"b. Including an "opt-out" notice conspicuously on the first page of the facsimile advertisement. The opt out notice language must state:"The recipient is entitled to request that the sender not send any future unsolicited advertisements to its telephone facsimile machine. Failure to comply within 30 days from the date the request is properly made is unlawful. 800 _____ is the telephone number and _____ is the fax number for the recipient to transfer such opt-out request."WestFax is not an advertiser or sender. WestFax is not involved with, responsible for or liable to the Customer or any other person or entity for the Customer's facsimile messages (including advertisements) or any matter related thereto.The Customer has not received from or relied upon WestFax or any of its employees and agents any information or advice about the TCPA and FCC Regulations implementing the TCPA or any other similar state law.By law, WestFax does not provide any advice on how to comply with the facsimile advertising rules or any legal aspects of sending facsimile advertisements.WestFax does not provide data (e.g. lists) or any content (including an "opt-out" notice) for the Customer's messages. Westfax's services are as set forth on the Customer's Broadcast Fax Order Form or other work order created by and provided to WestFax by the Customer.Orders will be completed in accordance with the Customer's properly formatted instructions, documents and databases created by and provided to WestFax by the Customer.Payment for services is due in accordance with the Customer's Payment Plan. WestFax has the right to change the Customer's Payment Plan by notifying the Customer. Orders may be cancelled or rescheduled pending notice and acceptance of the revised Payment Plan. WestFax will provide Customer with an Invoice for all orders. Unpaid Invoices bear interest at the rate of 1.5% per month from the date due until paid. Customer is liable for all costs and expenses, including reasonable attorney fees, incurred by WestFax to collect any amounts due to WestFax for its services or for any violations of the Terms and Conditions.The Customer agrees:To fully release and discharge WestFax from any: (1) violation of any federal, state and local laws, rules and regulations, including in the TCPA (collectively referred to as the "Laws"); (2) breach of any agreement or contract; (3) statement or representation made by WestFax; and (4) unlawful act or omission or other wrongdoing.Not to sue or bring any claim against WestFax on account of a violation of the Laws, any breach, WestFax statement or representation or an unlawful act or omission or other wrongdoing.To fully defend, pay any damages and hold WestFax harmless from any violation of any Laws, breach of any agreement or contract, WestFax statement or representation or unlawful act or omission or other wrongdoing. If a Customer elects to use WestFax's toll free removal service, the service shall consist of forwarding such removal requests to the Customer in accordance with FCC Regulations.WestFax's total liability for damages to the Customer or any third party for any service provided by WestFax to the Customer shall be limited to the amount charged to the Customer for the particular service performed by WestFax pursuant to the work order. IN NO EVENT SHALL WESTFAX BE LIABLE FOR ANY DIRECT, SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES, PENALTIES, LEGAL FEES OR ANY OTHER AMOUNTS.

3



REMIT TO:

10465 PARK MEADOWS DRIVE SUITE 200
LONE TREE, CO 80124
TEL: (303) 299-9329
FAX: (303) 299-9309

BILL TO:

Eurton Electric
Attn: Julie
9920 Painter Ave.
P.O. Box 2113
Santa Fe Springs, CA 90670

# Invoice

| ACCOUNT NUMBER | DATE | INVOICE # |
|---|---|---|
| 7810 | 7/23/2016 | 1277917 |

| Terms |
|---|
| Due on receipt |

| ITEM DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|
| Broadcast Fax Per Page Normal Eurtron Electric - Date: 7/22/2016 Job: BFX-81965269 Name: Motion Ind - Motion Industries CSV Faxes 2016.csv Billing Code: john72216 | 319.0 | $13.03 |

| When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. | TOTAL | 13.03 |
|---|---|---|

Questions? Please contact accounting@westfax.com for support.            Pg.    1



REMIT TO:

10465 PARK MEADOWS DRIVE SUITE 200
LONE TREE, CO 80124

TEL: (303) 299-9329
FAX: (303) 299-9309

BILL TO:

Eurton Electric
Attn: Julie
9920 Painter Ave.
P.O. Box 2113
Santa Fe Springs, CA 90670

## Invoice

| ACCOUNT NUMBER | DATE | INVOICE # |
|---|---|---|
| 7810 | 7/30/2016 | 1278374 |

| Terms |
|---|
| Due on receipt |

| ITEM DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|
| Broadcast Fax Per Page Normal Eurtron Electric - Date: 7/26/2016 Job: BFX-82136242 Name: APU Repair - APU Fax Numbers 2016.csv Billing Code: john72616 | 129.0 | $5.33 |
| Broadcast Fax Per Page Normal Eurtron Electric - Date: 7/27/2016 Job: BFX-82195734 Name: tach rotor rewinding - EASA & Motor Shops CSV Fax Billing Code: john72716 | 1,597.0 | $66.25 |

| When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. | TOTAL | 71.58 |
|---|---|---|