# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: <u>1:16-cv- 02981</u>

**TECH INSTRUMENTATION, INC., a Colorado corporation, individually and on behalf of all others similarly situated,**

    Plaintiff,

v.

**EURTON ELECTRIC COMPANY, INC., a California corporation**

    Defendant.

## DECLARATION OF PATRICK H. PELUSO

I, Patrick H. Peluso, under oath declare as follows:

    1.    I am one of the attorneys for Plaintiff and the alleged Class in the above-captioned action. I am over the age of 18 and can competently testify to the matters set forth herein if called to do so.

    2.    I submit this declaration in support of Plaintiff's unopposed Motion for Attorneys' Fees and Expenses and Incentive Award for Named Plaintiff.

    3.    On December 6, 2016, Plaintiff filed the instant lawsuit alleging that Eurton violated the Junk Fax Prevention Act ("JFPA"), a subsection of the federal Telephone Consumer Protection Act ("TCPA") that makes it unlawful to use a fax machine to send unsolicited advertisements. 47 U.S.C. § 227(b)(1)(C).

4. The Parties have spent nearly six years litigating the claims at issue. Indeed, considerable time was devoted toward discovery in this case and to briefing and arguing numerous motions. Indeed, Plaintiff moved for class certification on November 6, 2017, and Defendant filed its response in opposition on November 27, 2017. (Dkts. 36, 39.) The Court certified the Class on May 29, 2018 (dkt. 47); the Court granted in part Plaintiff's motion to approve a notice plan. (Dkt. 72.) Plaintiff disseminated two initial rounds of notice to the class members.

5. Following two rounds of notice, Defendant's filed a motion for decertification (dkt. 90), which was untimely denied (dkt. 102). And Plaintiff filed and brief and for summary judgment. (Dkts. 105, 109, 111.) Throughout this time, counsel for the Parties continued their settlement discussions and attended a mediation with Joe Epstein of Conflict Resolution Services. While the Parties did not reach an agreement at the mediation, they continued their negotiation efforts and ultimately reached a settlement agreement. The Parties worked to draft the Settlement Agreement, Claim Form, and notices. The settlement terms reached by the Parties provide for fair, reasonable, and adequate relief to the Settlement Class.

6. To effectuate notice and the settlement, the Parties hired RG2 Claims Administration, an experienced settlement claim administration company, to provide notice and maintain a claims website, which enables class members to file their claims online. RG2 Claims will further assist in disbursing payment via check to all class members who filed a claim.

7. After reviewing my firm's time keeping records, as of the filing of this Motion, Class Counsel have expended the following hours[1] litigating and settling of this case:

---

[1] Class Counsel's time sheets are available upon request for the Court's review.

| Attorney Name/Firm | Title | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Steven Woodrow | Partner | $520 | 167.8 | $87,256 |
| Patrick Peluso | Partner | $420 | 253.4 | $106,428 |
| Taylor Smith | Associate | $295 | 38.1 | $11,239.50 |
| Stephen Klein | Associate | $295 | 42.2 | $12,449 |
| Kevin Davenport | Law Clerk | $100 | 4.3 | $430 |
| **LODESTAR** | | | **505.8** | **$217,802.50** |

8. The time spent to date is reasonable. Class Counsel devoted substantial time to prosecuting this matter. Even before filing the complaint, Class Counsel spent considerable time performing legal research, reviewing documents, and interviewing TII to understand the potential claims and put forth a legal theory with the best chances of success. After initiating this lawsuit, Class Counsel spent years immersed in litigation. As previously stated, Class Counsel spent meaningful time briefing various motions, effectuating two notice plans, and obtaining substantial discovery. Class Counsel has also been responsive to the needs of class members and have promptly returned all inquiries.

9. It is also important to note that Class Counsel took this case on a contingent fee basis. Class Counsel litigated this case and advanced expenses with the possibility that they would receive nothing in return. Furthermore, as a result of the time and monies spent on this action, Class Counsel were unable to devote time and resources to other cases and pursuing new clients.

10. Furthermore, Class Counsel's hourly rates are reasonable. Class Counsel's rates have been approved by various courts. *See Gergetz v. Telenav, Inc.*, Case No. 16-cv-04261-BLF, 2018 WL 4691169, at *7 (N.D. Cal. Sept. 27, 2018) (approving 2018 rates for Steven Woodrow,

Patrick Peluso, and Taylor Smith of $440, $340, and $225 respectively); *see also Couch v. Southwest Airlines Co.*, 3:15-cv-00367-N (N.D. Tex. 2016) (Couch Dkt. 43) (approving Woodrow & Peluso's 2016 rates of $430 (for Woodrow) and $330 (for Peluso)); *Wigod v. Wells Fargo Bank, N.A.*, Case No: 1:10-cv-2348 (N.D. Ill. 2014) (Bucklo, J.) (Wigod Dkt. 278) (approving hourly rate of $570 for attorney Woodrow in 2014); *Schulken v. Washington Mutual Bank*, No. 09-CV-02708-LHK (N.D. Cal.) (Schulken Dkt. 223) (Koh J.) (approving attorney Woodrow's former hourly rate of $500 in 2012).

11. Additionally, the stated hourly rate for each attorney is the same rate that is charged to hourly-paying clients, and have not been adjusted to reflect the risk associated with accepting this case.

12. In addition to the hours put in to the case, Woodrow & Peluso has incurred a total of $3,467.46 in out-of-pocket costs and expenses advanced during the course of the litigation. These expenses account for the cost of mediation, filing fees, and service fees.

13. Prior to the filing of this motion, a total of 13 class members have filed claims with RG2 in this matter. The participating class members will each receive a check for $200. RG2 did not receive any objections or opt-outs. While this number is admittedly low (representing just under 1% of the 1,489 entities on the class list), it was achieved after RG2 sent postcards that reached all but 195 of the identified entities. Further, Class Counsel personally researched and contacted by phone and email more than 700 Class Members to verify receipt and assist with filing as necessary. Such efforts resulted in the filing of several claims (as the initial filing number was even lower).

14. RG2's total amount of notice and settlement administration costs incurred to the point of this filing is $25,879, as demonstrated in Exhibit B to the Motion for Fees.

Further affiant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the State of Colorado, on September 16, 2022.

/s/ *Patrick H. Peluso*
Patrick H. Peluso